OPINION OF THE COURT
Sidney Leviss, J.
This is an application by petitioner State Farm Mutual Automobile Insurance Company, to stay arbitration of a claim made by respondent Mary Smith, under the uninsured motorist indorsement of an automobile liability insurance policy issued by the petitioner to the claimant. Petitioner contends that (1) there was no physical contact between the offending motor vehicle and the person of the respondent-claimant, as required under Insurance Law § 5217; and (2) that the alleged uninsured motor vehicle was insured with the respondent Allstate Insurance Company at the time of the alleged occurrence herein, and therefore the claim of the respondent Mary Smith must be denied.
By order dated May 21, 1985 arbitration was stayed pending a hearing to determine the issues herein. The hearing was held before this court on July 30, 1985, and from the credible evidence deduced thereat, the court finds the following.
At about 6:45 a.m. on March 11, 1984, a 1972 Volvo sedan bearing New York registration plate number 7546ASM struck *829 a building located at 1311 Lincoln Place, Brooklyn, New York, the residence of Mary Smith, the respondent-claimant herein. Mary Smith at the time was asleep in bed on the first floor. The head of the bed was against the wall. When the car crashed against the wall of the building, the impact jerked her head and it then hit the wall. She was thrown off the bed. She looked out of the window and saw two men get out of the car. Her husband went outside but the men ran away.
On the date of this occurrence, the claimant Mary Smith was insured by an automobile liability policy with petitioner, State Farm. The records of the Department of Motor Vehicles show that on that date the 1972 Volvo sedan with registration plate number 7546ASM had an insurance code number of Oil, signifying insurance by Allstate Insurance Company, and the vehicle was owned by Minzie Cameron, 177 Veronica Place, Brooklyn, New York 11226. However, the uncontradicted evidence at the trial shows that Allstate issued an automobile liability policy to one Minzie Cameron as an assigned risk, commencing June 16, 1983 to June 13, 1984. A bill was sent for the second installment premium payment due September 16, 1983, which was not paid. Thereupon a computer generated a notice of cancellation. The notice was inserted into a window envelope accompanied by a record of mailing. The cancellation notice and record of mailing were compared and checked. The notice of cancellation was put in a mail tray and taken to the post office with a record of mailing. The record of mailing was picked up the next day stamped by the post office. The effective date of cancellation was November 25, 1983. Based upon the above, the court finds that the Allstate Insurance policy issued to Minzie Cameron on the 1972 Volvo sedan motor vehicle was properly and effectively canceled as of November 25, 1983, and therefore said 1972 Volvo motor vehicle was uninsured on March 11, 1984.
However, pursuant to the claimant’s automobile insurance policy with State Farm Insurance Company and Insurance Law § 5217, in order for claimant to recover on her claim for uninsured motor vehicle benefits, she must show that there was physical contact between the offending motor vehicle and claimant. Physical contact does not necessarily mean, however, direct contact of the offending vehicle with the injured person. "[T]he term 'physical contact’ * * * [is] not limited to direct contact”, ''[t]hus, physical contact as contemplated by the statute may involve * * * the continued transmission of the force indirectly and simultaneously through an intermedi *830 ate agency, but the initial impact must, nevertheless, be that of a collision between the unidentified vehicle with the claimant * * * or other object causing the bodily injury” (Matter of Smith [Great Am. Ins. Co.], 29 NY2d 116, 118, 119, cited in Matter of Aetna Cas. & Sur. Co. [Loy], 108 AD2d 709 [1st Dept]).
In the Aetna case (supra), the vehicle struck a highway cone which hit a two-by-four piece of wood which then hit the claimant. In the case at bar, the uncontroverted testimony is that the vehicle struck the wall of claimant’s bedroom where she was asleep with her head against or very near the wall. The vehicle struck this wall. Had the wall not been there the vehicle would have struck the claimant directly.
Petitioner relies on the case of Matter of Smith (Great Am. Ins. Co.) (29 NY2d 116, supra), wherein the motor vehicle did not collide with anything, rather some snow and ice which had accumulated on the vehicle became dislodged and shattered claimant’s windshield, thereby injuring claimant. The court held that there was no contact. It is readily seen that there was no contact between the vehicle involved and something or someone. However, in the instant case the motor vehicle did come in contact and collision with the wall on the other side of which the claimant lay sleeping. The vehicle actually collided with something (the wall) and there was, according to the uncontroverted testimony, a continued transmission of the colliding force with the injured person.
Accordingly, this court finds that the 1972 Volvo sedan motor vehicle involved herein was an uninsured motor vehicle at the time of the collision of March 11, 1984, and that there was physical contact at said time and place between the said uninsured motor vehicle and claimant, Mary Smith. Therefore, the application of petitioner, State Farm, to stay arbitration is denied, and the parties are directed to proceed to arbitration.