HILL v CITIZENS INSURANCE COMPANY OF AMERICA

Docket No. 91743. Submitted September 30, 1986, at Marquette.
Decided January 21, 1987.

Marta Hill brought an action in the Delta Circuit Court seeking
to recover under the uninsured motorist provisions of an auto-
mobile insurance policy issued by the defendant, Citizens Insur-
ance Company of America. The facts indicate that the plain-
tiff's husband was killed when an unidentified vehicle propelled
a rock through the windshield of his car. Both parties filed
motions for summary disposition to determine the legal effect
of the "physical contact" requirement of the uninsured motor-
ist provision in the policy. The trial court, Dean J. Shipman, J.,
held that direct physical contact with the hit-and-run vehicle
itself was required in order to qualify plaintiff for benefits
under the "physical contact" provision. The trial court denied
plaintiff's motion, granted defendant's motion and dismissed
the action. Plaintiff appeals.

The Court of Appeals *held:*

The "physical contact" provision in uninsured motor vehicle
coverage may be satisfied even though there is no direct con-
tact between the disappearing vehicle and the claimant or
claimant's vehicle. It is still necessary that the proofs establish
a substantial nexus between the disappearing vehicle and the
object cast off or struck. In the instant case, the stipulation by
the parties satisfies the substantial nexus requirement.

Reversed and remanded.

INSURANCE — UNINSURED MOTORIST PROVISIONS — PHYSICAL CONTACT
REQUIREMENT.

Direct physical contact with a hit-and-run vehicle itself is not
required in order for an insured to recover under an uninsured
motorist provision of an automobile insurance policy which
requires that there be "physical contact" with a hit-and-run
vehicle where the proofs establish a substantial nexus between

REFERENCES

Am Jur 2d, Automobile Insurance §§ 290, 293 *et seq.;* 300-302.

Uninsured motorist indorsement: validity and construction of re-
quirement that there be "physical contact" with unidentified or
hit-and-run vehicle. 25 ALR3d 1299.

the hit-and-run vehicle and an object cast off or struck by that vehicle which thereafter comes in physical contact with the insured's vehicle causing bodily injury.

*Green, Renner, Weisse, Rettig, Rademacher & Clark, P.C.* (by *George C. Renner*), for plaintiff.

*Davis, Olsen, Filoramo & Plackowski, P.C.* (by *Gary L. Olsen*), for defendant.

Before: ALLEN, P.J., and CYNAR and R. C. LIVO,* JJ.

ALLEN, P.J. In this case of first impression in Michigan, we are asked to decide if a "physical contact" requirement in an uninsured motorist provision of a policy of insurance precludes the policyholder from recovery when an unidentified vehicle propels a rock through the windshield of the policyholder's automobile, the impact killing the policyholder. The trial court ruled that *Auto Club Ins Ass'n v Methner,* 127 Mich App 683; 339 NW2d 234 (1983), was controlling and granted summary disposition for defendant. Plaintiff appeals as of right.

On June 30, 1985, plaintiff's husband was driving his car in a westerly direction on M-138 in Delta County. In the front seat next to him was his wife, Marta Hill. A camper-truck approached in the eastbound lane. Exactly what then happened is stipulated by the parties as follows:

On that date, time and place the testimony of Plaintiff would be that a large rock which was airborne, went through the windshield of Plaintiff's decedent's vehicle, causing his death. The rock came through the windshield just as a camper passed Plaintiff's vehicle traveling in the

* Circuit judge, sitting on the Court of Appeals by assignment.

opposite direction. The testimony of Plaintiff would be that the camper propelled the rock. Defendant has no evidence of what caused the rock to become airborne.

On August 2, 1985, plaintiff filed a two-count complaint in the circuit court for Delta County. Count I sought recovery of no-fault survivor benefits and Count II asked the policy limits of the uninsured motorist provisions of the policy. Settlement was made on Count I.

On Count II both parties filed cross-motions for summary disposition to determine the legal effect of the "physical contact" requirement of the uninsured motorist provision in the policy. The provision reads:

> 3. "Hit-and-run Automobile" means an automobile which causes bodily injury to an Assured arising out of physical contact of such automobile with the Assured or with an automobile which the Assured is occupying at the time of the accident . . . .

A stipulation of facts, set forth above, was prepared by the parties and submitted to the court together with briefs on the question raised. Following a March 21, 1986, hearing on the motions, the trial court granted the defendant's motion stating from the bench:

> I believe that case [*Auto Club Ins, supra*] to be controlling. It, to the best of my knowledge, is the last word on this narrow issue, and holds that a contract requirement that there be physical contact with an uninsured vehicle in order to recover under the uninsured motorist provisions of an automobile insurance policy is valid and enforceable. They go into great lengths to examine the old *Bromley* [*v Citizens Ins Co of America*, 113 Mich

App 131; 317 NW2d 318 (1982)], case and your cases of *Lord* [v *Auto-Owners Ins Co,* 22 Mich App 669; 177 NW2d 653 (1970)] and *Citizens* [*Mutual Ins Co v Jenks,* 37 Mich App 378; 194 NW2d 728 (1971)], and they ultimately rule that the arbiters in that particular case had committed an error of law.

They very pointedly set out that these provisions are not contrary to the public policy of this state, that the Legislature intended to change long-standing public policy, and that this is in fact contractual language to be construed.

With the repeal of the Michigan motor vehicle claims act, the court then becomes persuaded that the language that is set forth in that New York opinion referred to by Mr. Renner applies equally to the State of Michigan, and I refer to that case [*Smith v Great American Ins Co,* 29 NY2d 116; 324 NYS2d 15; 272 NE2d 528 (1971)].

If asked to rule as a part of this ruling whether or not a rock thrown up by a vehicle passing on a country highway would be contact—physical contact, I would rule that it is not. I believe in the state of the law in the State of Michigan since no fault and the repealer of the Michigan motor vehicle act is that the court must look to the contract itself.

This particular contract which is attached to defendant's brief defines hit and run automobile does require actual physical contact, and would lead the court to the conclusion that the motion requested by plaintiff be denied; the motion requested by defendant be granted and summary disposition will be ordered.

On appeal plaintiff argues that the trial court erred in holding that direct physical contact with the hit-and-run vehicle itself is required in order to qualify plaintiff for benefits under the "physical contact" provision in the policy. In support of this argument, plaintiff cites three cases. In *Lord v Auto-Owners Ins Co,* 22 Mich App 669; 177 NW2d

653 (1970), plaintiff was allowed recovery where hit-and-run car A struck an intermediate car B which in turn struck plaintiff's car C. Our Court said at 672:

It is clear that ever since the time of Sir Isaac Newton man has recognized and lived by certain physical laws of impact and motion. Accordingly, we hold, as did the Federal Court of Appeals for the Fifth Circuit (applying Florida law) in the case of *State Farm Mutual Automobile Ins Co v Spinola,* 374 F2d 873 (CA 5, 1967), that an insured party is covered where the impact of the hit-and-run car was transmitted to his car through an intermediate car. We find, as did Sir Isaac, that this acceptance of a fundamental property of natural phenomena is the more sensible and consistent view as regards transfer of impact through intermediate objects.

In the second case, *Kersten v DAIIE,* 82 Mich App 459; 267 NW2d 425 (1978), plaintiff was injured when the vehicle she was driving struck an unidentified tire and rim assembly spinning in front of her on the passing lane of the highway. Plaintiff sought recovery under the Motor Vehicle Accident Claims Act (MVACA), MCL 257.1101 *et seq.;* MSA 9.2801 *et seq.,* § 12 of which provided that "physical contact by the unidentified vehicle with the plaintiff or with a vehicle occupied by the plaintiff, is a condition precedent to such action." The trial court allowed recovery. On appeal defendant insurer contended, as does defendant in the instant case, that direct physical contact with the unidentified vehicle itself was required and that contact by a propelled object, such as a tire, was insufficient. This jurist, writing of the opinion of the Court, disagreed saying:

The physical contact requirement has been fur-

ther stretched to permit recovery where an object is propelled into the insured vehicle by another vehicle which does not stop. The primary example of such a situation is the case of a stone thrown off by the tires of a passing vehicle. *Barfield v Ins Co of North America,* 59 Tenn App 631; 443 SW2d 482 (1968), and *Gavin v Motor Vehicle Accident Indemnification Corp,* 57 Misc 2d 335; 292 NYS2d 745 (1968), and Anno: 25 ALR3d 1299, *supra.* In *Allied Fidelity Insurance Co v Lamb,* 361 NE2d 174 (Ind App, 1977), the court upheld recovery where a truck propelled a rock through the windshield of the insured vehicle because "a substantial physical nexus between the unidentified vehicle and the intermediate object is established."

\* \* \*

A common thread runs through the cases cited and explains the difference between recovery in some instances and no recovery in others. Recovery is permitted where the evidence discloses a direct causal connection between the hit-and-run vehicle and plaintiff's vehicle *and which connection carries through to the plaintiff's vehicle by a continuous and contemporaneously transmitted force from the hit-and-run vehicle.* [82 Mich App 470, 471.]

Nevertheless, because the Court found the testimony insufficient to show a continuous and contemporaneously transmitted force between the phantom truck and the tire and rim assembly on the highway, recovery was denied.[1]

The third case is *Adams v Zajac,* 110 Mich App 522; 313 NW2d 347 (1981). Plaintiff's wife brought suit against the Secretary of State pursuant to the hit-and-run provision of the Motor Vehicle Acci-

[1]

No one saw the truck or trailer which dropped the tire . . . . That an unidentified vehicle deposited the tire is inferred by the trial judge from the facts. But inferred facts do not show a *clearly definable* beginning and ending of a contemporaneously occurring chain of events. [*Kersten,* 472.]

dent Claims Act for the death of her husband who was killed when a truck he was operating went out of control and plunged into a creek after striking or swerving to avoid striking a tire and rim assembly lying on Interstate 75. The trial court granted the Secretary of State's motion to dismiss on grounds that there was no "physical contact" between the Adams vehicle and the unidentified vehicle. On appeal, this Court first held that physical contact did not require direct contact:

> Physical contact has been construed to include situations where no direct contact occurs. The most common circumstances in which recovery is permitted is when (1) the hit-and-run vehicle strikes a second or intervening vehicle which in turn is propelled into plaintiff's vehicle, *Lord, supra,* and (2) an object is propelled into the plaintiff's vehicle by another vehicle which does not stop. *Barfield v Ins Co of North America,* 59 Tenn App 631; 443 SW2d 482 (1968), *Allied Fidelity Ins Co v Lamb,* 361 NE2d 174 (Ind App, 1977). *Contra, Smith v Great American Ins Co,* 29 NY2d 116; 324 NYS2d 15; 272 NE2d 528 (1971). Courts have found that the purpose and intent of the physical contact requirement is served by accepting as sufficient a substantial but indirect physical contact with the claimant's vehicle, although not of the exact nature described in the statute. [110 Mich App 526-527.]

Next, rejecting the "continuous and contemporaneously transmitted force" requirement of *Kersten,* the *Adams* Court reversed the trial court and remanded for trial stating:

> We find nothing in the statute requiring a continuous and contemporaneously transmitted force from the hit-and-run vehicle. We could infer such a requirement perhaps as a concomitant of the

required physical contact. However, we hold that the "physical contact" takes place when a vehicle or an integral part of it comes into physical contact with another vehicle. Whether the part is still attached or comes to rest after being detached from the vehicle makes little difference in principle, although in the latter case it might present some difficulties, as are present here, in carrying the burden of proof. [110 Mich App 528.]

In the instant case, defendant discounts *Kersten* and *Adams* on grounds that they were decided when the MVACA was in effect and contained a "physical contact" requirement for recovery and, now that MVACA has been repealed, the term "physical contact" in an insurance policy need not be liberally construed but should be given its plain and ordinary meaning. In support of this argument, defendant strongly relies on *Methner, supra,* and *Smith v Great American Ins Co,* 29 NY2d 116; 324 NYS2d 15; 272 NE2d 528 (1971). As noted earlier, the trial judge, too, was motivated to rule for defendant on grounds that, with MVACA no longer in effect, *Methner* and *Great American Ins* controlled. We are not persuaded.

Any reliance on *Methner* for the proposition that "physical contact" cannot be indirect but must be direct according to the plain and ordinary meaning of that phrase is misplaced. *Methner* did not involve an indirect or propelled-object situation. Instead, it involved the classical case of an injured party claiming he was forced off the road by an unidentified car which swerved into his lane. When claimant's insurer failed to pay because of a "physical contact" clause in the policy, the matter was submitted to arbitration and a majority of the arbitrators held the "physical contact" provision of the policy was not enforceable. Upon appeal by the insurer, this Court held that the arbitrators ex-

ceeded their power by refusing to apply the "physical contact" requirement.

> In this case, the arbitrators exceeded their power by acting "beyond the material terms of the contract". *DAIIE v Gavin* [416 Mich 407, 434; 331 NW2d 418 (1982)]. They erred as a matter of law in refusing to apply the "physical contact" requirement. That error clearly appears on the face of the award: there is no dispute *that no physical contact occurred here,* and the enforceability of the "physical contact" requirement was the issue upon which the arguments and discussion during the arbitration hearing focused. [127 Mich App 692.]

While *Kersten* and *Adams* were favorably mentioned as standing for the proposition that, in the interest of preventing fraudulent claims, the "physical contact" requirement could not be satisfied by merely showing that the hit-and-run vehicle was the proximate cause of the accident, viz.: causing claimant's car to swerve, at no point did *Methner* reject or change the broad construction of the term "physical contact" made in *Kersten* and *Adams.* Accordingly, we opine that the trial court erred in its reliance on *Methner.*

Likewise, we believe that defendant and the trial court placed too great a reliance on *Great American Ins Co, supra.* There, as an unidentified tractor-trailer combination approached claimant's automobile from an opposite direction, snow and ice were dislodged from the tractor-trailer, striking and shattering claimant's windshield and causing injuries. Claimant brought suit under an uninsured motorist endorsement in his policy which contained a "physical contact" provision. The New York court held against claimant on grounds that the injury "must at least originate in collision" and "[e]xcluded, therefore, are objects cast off or

cast up by the hit-and-run vehicle, whether it be ice accumulated on the vehicle or pebbles or rocks or other debris on the roadway surface." 29 NY2d 119; 324 NYS2d 15.

The continued vitality of *Great American Ins Co* is suspect. Not only has its holding been expressly rejected by our Court in *Adams* but, in addition, in New York, it has been held to permit recovery when contact occurs from an object struck or propelled from the unidentified vehicle. In *Aetna Casualty & Surety Co v Loy,* 108 AD2d 709; 485 NYS2d 1018 (1985), a highway equipment operator while lighting a propane burner on his asphalt heating machine was injured when a passing car struck a cone which then struck a wooden two-by-four placed against the machine to keep the flame from blowing out, which then struck the operator in the eye. The offending vehicle did not stop and was never identified. Claimant sued under the uninsured motorist endorsement on his automobile policy and the lower court found that the physical contact requirement had not been met. On appeal the New York Supreme Court, Appellate Division, disagreed saying at 710:

> Physical contact occurred when the inert two-by-four was propelled into respondent as a result of being struck either by the unidentified vehicle or the cone into which the vehicle had initially swerved. The force of the collision was transmitted through either or both of these objects to respondent. (See *Matter of Smith v Great Amer Ins Co,* 29 NY2d 116; 324 NYS2d 15; 272 NE2d 528 [1971].)

In *State Farm Mutual Automobile Ins Co v Smith,* 129 Misc 2d 828; 494 NYS2d 647 (1985), claimant sought uninsured motorist coverage for injuries she sustained when a Volvo sedan crashed

into a building at 6:45 A.M. while claimant was asleep in bed on the building's first floor. The head of the bed was against the wall and the impact jerked her head, throwing her off the bed. The insurer sought to stay arbitration on grounds that under *Great American Ins Co* there was no "physical contact." The New York Supreme Court disagreed saying at 830:

> In the case at bar, the uncontroverted testimony is that the vehicle struck the wall of claimant's bedroom where she was asleep with her head against or very near the wall. The vehicle struck this wall. Had the wall not been there the vehicle would have struck the claimant directly.
>
> Petitioner relies on the case of *Smith v Great American Ins Co,* 29 NY2d 116; 324 NYS2d 15; 272 NE2d 528 [1971], wherein the motor vehicle did not collide with anything, rather some snow and ice which had accumulated on the vehicle became dislodged and shattered claimant's windshield, thereby injuring claimant. The court held that there was no contact. It is readily seen that there was no contact between the vehicle involved and something or someone. However, in the instant case the motor vehicle did come in contact and collision with the wall on the other side of which the claimant lay sleeping. The vehicle actually collided with something (the wall) and there was, according to the uncontroverted testimony, a continued transmission of the colliding force with the injured person.

Clearly, when New York construes its own decision as not precluding a complainant's recovery for injuries caused by an object struck or cast up by a hit-and-run vehicle, a Michigan trial court errs in construing the decision to the contrary.

The distinction between a *Methner* situation where no impact, either direct or indirect, occurs and a *Kersten-Adams* situation, where physical

contact is indirect, is controlling. Where no contact occurs, phantom vehicle claims, claims by a driver who negligently loses control of his car and thereafter claims that he was forced off the road by an unknown vehicle, can easily be made. The physical contact provision is designed to reduce the possibility of such fraud. But where indirect contact occurs, the possibility of fraud is substantially diminished by the tangible physical evidence of the intermediate object. In the instant case there is no possibility that plaintiff falsely claims that a rock from a passing vehicle went through the windshield of deceased's vehicle. The parties have stipulated that a rock came through the windshield just as the other vehicle passed. This is not to say, however, that in every case a claimant satisfies the "physical contact" provision by merely alleging contact through a rock thrown or tire or rim assembly or other object cast off by a disappearing vehicle. It is still necessary that the proofs establish a substantial physical nexus between the disappearing vehicle and the object cast off or struck. *Kersten, supra,* p 470; *Allied Fidelity Ins Co v Lamb,* 361 NE2d 174 (Ind App, 1977). In the instant case, the stipulation satisfies the substantial nexus requirement.

In summary, the overwhelming majority of jurisdictions hold that the "physical contact" provision in uninsured motor vehicle coverage may be satisfied even though there is no direct contact between the disappearing vehicle and claimant or claimant's vehicle. *Illinois National Ins Co v Palmer,* 116 Ill App 3d, 1067; 452 NE2d 707 (1983) (object propelled through windshield of insured vehicle); *Barfield v Ins Co of North America,* 59 Tenn App 631, 639-641; 443 SW2d 482 (1968) (stone propelled by wheel of unidentified truck proceeding in lane ahead of plaintiff); *Allied Fidelity Ins Co v Lamb,*

*supra* (rock propelled through windshield); Anno: *Uninsured motorist indorsement: validity & construction of requirement that there be "physical contact" with unidentified or hit-and-run vehicle,* 25 ALR3d 1299; *State Farm Mutual Automobile Ins Co v Spinola,* 374 F2d 873 (CA 5, 1967). See 8C Appleman, Insurance Law & Practice, § 5059.45, p 428. *Contrary* results have been reached where the insured vehicle has collided with an object lying in the roadway but where an insufficient connection is shown between the offending object and the unidentified vehicle. *Kersten, supra; Blankenbaker v Great Central Life Ins Co,* 151 Ind App 693; 281 NE2d 496 (1972); *Gardner v Aetna Casualty & Surety Co,* 114 Ariz 123; 559 P2d 679 (1976) (bale of wire fallen from unidentified flatbed truck).

Based upon the foregoing, we conclude that the trial court erred in granting summary disposition for defendant. Reversed and remanded for proceedings consistent with this opinion. Costs to plaintiff.