KREAGER v STATE FARM MUTUAL AUTOMOBILE INSURANCE
COMPANY

Docket No. 133800. Submitted December 3, 1992, at Detroit. Decided
    December 21, 1992, at 10:05 A.M. Leave to appeal sought.
    Phillip H. Kreager brought an action in the Wayne Circuit Court
    against his insurer, State Farm Mutual Automobile Insurance
    Company, seeking no-fault personal injury protection benefits
    after being shot, while standing outside his car, by an occupant
    of a passing car. An action by the defendant seeking a declara-
    tion regarding its liability for uninsured motorist benefits un-
    der the policy was consolidated with the plaintiff's suit. The
    court, Samuel A. Turner, J., granted summary disposition for
    the defendant with regard to the action for PIP benefits and did
    not rule with regard to the declaratory judgment action. The
    plaintiff appealed.
        The Court of Appeals *held:*
        1. The assailant's use of the car as a motor vehicle and the
    plaintiff's injuries were not connected. The shooting was not
    related to the use of a motor vehicle as a motor vehicle. The PIP
    benefits were properly denied.
        2. The uninsured motor vehicle coverage portion of the
    defendant's policy requires physical contact between an alleg-
    edly uninsured vehicle that causes an accident and the insured
    or the insured's vehicle. The plaintiff's injuries lack a sufficient
    physical nexus with the unidentified vehicle in this case for the
    coverage to apply. The case must be remanded for entry of a
    ·  judgment for the defendant in its action for a declaratory
    judgment.
        Affirmed and remanded.

1. INSURANCE — NO-FAULT — PERSONAL INJURY PROTECTION BENEFITS
    — MOTOR VEHICLES.
    Personal injury protection benefits for injuries arising out of the

REFERENCES

Am Jur 2d, Automobile Insurance §§ 300, 302.
Uninsured motorist indorsement: validity and construction of re-
    quirement that there be "physical contact" with unidentified or
    hit-and-run vehicle. 25 ALR3d 1299.                    .

use of a motor vehicle as a motor vehicle are provided only where the causal connection between an injury and the use of the motor vehicle as a motor vehicle is more than incidental or fortuitous (MCL 500.3105[1]; MSA 24.13105[1]).

2. INSURANCE — NO-FAULT — UNINSURED MOTORIST PROVISIONS — PHYSICAL CONTACT REQUIREMENT.

The requirement in an uninsured motorist policy of physical contact between an allegedly uninsured vehicle that causes an accident and an insured or an insured's vehicle is enforceable; uninsured motorist coverage is unavailable under such a policy where the insured's injuries lack a sufficient physical nexus with the allegedly uninsured vehicle.

*Logeman, Connors & Bredell, P.C.* (by *Timothy P. Connors*), for the plaintiff.

*Romain, Donofrio, Kuck & Egerer, P.C.* (by *Ernst W. Kuck* and *Nicholas S. Andrews*), for the defendant.

Before: CORRIGAN, P.J., and WEAVER and CONNOR, JJ.

CORRIGAN, P.J. In this action for no-fault personal injury protection (PIP) benefits, plaintiff appeals as of right from the trial court's grant of summary disposition to defendant pursuant to MCR 2.116(C)(10). The trial court did not rule on defendant's declaratory judgment action (which was consolidated with plaintiff's suit) to determine if plaintiff is entitled to uninsured motorist benefits. We affirm as to the PIP claim and remand with instructions that declaratory judgment be granted to defendant on the uninsured motorist claim.

Plaintiff had stopped his car at an intersection when he felt something hit the rear of the vehicle. He put the transmission in "park" and got out. He found that his car had been struck by a bottle that apparently had been thrown from the car behind him. That vehicle was occupied by several young

men. He picked up the bottle and threw it back at the car behind him. The car then accelerated and passed him on the right. As it drove by, one of the occupants fired five shots at plaintiff, who was standing outside the car on the driver's side. One shot struck and injured plaintiff.

Defendant subsequently denied plaintiff's claim for PIP benefits and benefits under the uninsured motorist provisions for this crime.

Payment of PIP benefits is governed by MCL 500.3105(1); MSA 24.13105(1), which provides:

> Under personal protection insurance an insurer is liable to pay benefits for accidental bodily injury arising out of the ownership, operation, maintenance or use of a motor vehicle *as a motor vehicle,* subject to the provisions of this chapter. [Emphasis supplied.]

A motion for summary disposition under MCR 2.116 (C)(10) tests the factual support for a claim. The court must consider the pleadings, affidavits, depositions, admissions, and other documentary evidence available to it and grant summary disposition if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Michigan State AFL-CIO v Civil Service Comm,* 191 Mich App 535, 546-547; 478 NW2d 722 (1991); *Panich v Iron Wood Products Corp,* 179 Mich App 136, 139; 445 NW2d 795 (1989).

This case is controlled by *Thornton v Allstate Ins Co,* 425 Mich 643; 391 NW2d 320 (1986), and its progeny. In *Thornton,* our Supreme Court held that a taxicab driver was not entitled to PIP benefits when he was injured during an assault and robbery that occurred in the cab. The Court held:

> In drafting MCL 500.3105(1); MSA 24.13105(1),

the Legislature limited no-fault PIP benefits to injuries arising out of the "use of a motor vehicle *as a motor vehicle.*" In our view, this language shows that the Legislature was aware of the causation dispute and chose to provide coverage only where the causal connection between the injury and the use of a motor vehicle as a motor vehicle is more than incidental, fortuitous, or "but for." The involvement of the car in the injury should be "directly related to its character as a motor vehicle." *Miller v Auto-Owners* [*Ins Co,* 411 Mich 633, 638-639; 309 NW2d 544 (1981)]. Therefore, the first consideration under MCL 500.3105(1); MSA 24.13105(1), must be the relationship between the injury and the vehicular use of a motor vehicle. Without a relation that is more than "but for," incidental, or fortuitous, there can be no recovery of PIP benefits. [*Id.* at 659-660.]

The Court then concluded that "[t]he motor vehicle was not the instrumentality of the injuries." *Id.* at 660.

This case is also analogous to and controlled by *Auto-Owners Ins Co v Rucker,* 188 Mich App 125, 127; 469 NW2d 1 (1991) ("drive-by" shooting not covered as "not identified with the normal use of a motor vehicle"); see also *Jones v Allstate Ins Co,* 161 Mich App 450, 455; 411 NW2d 457 (1987) (reviewing cases holding that armed assault is "generally not the type of conduct that is reasonably identifiable with the use of an automobile"). Generally, this Court has held that people assaulted in their automobiles cannot recover no-fault benefits. *Shaw v Allstate Ins Co,* 141 Mich App 331, 333; 367 NW2d 388 (1985), and cases cited therein.

Plaintiff relies on cases like *Saunders v DAIIE,* 123 Mich App 570, 572; 332 NW2d 613 (1983), that allow PIP coverage for assaults "directed at the automobile itself, rather than at the driver or

passenger" (the plaintiff was struck by a projectile thrown through an open window of the vehicle). See also *Marzonie v Auto Club Ins Ass'n*, 193 Mich App 332; 483 NW2d 413 (1992). Plaintiff's reliance on this line of cases is unpersuasive. The assailant's use of the car "as a motor vehicle" and plaintiff's injuries were not connected. Plaintiff's assailant was apparently angered when plaintiff threw the bottle back and responded with gunfire. That inexcusable response was not related to the assailant's use of a motor vehicle "as a motor vehicle." The shots could just as readily have been fired from a building, a parked car, a bicycle, or by a pedestrian.

Because we find no coverage for the assault, we need not reach the question whether plaintiff's car was "parked" for purposes of applying MCL 500.3106; MSA 24.13106 or whether plaintiff was "occupying" it at the time of his injury.[1]

Plaintiff next argues that he is eligible for compensation under the uninsured motor vehicle coverage portion of defendant's policy. We disagree.

The relevant portions of the policy provide:

> We will pay damages for bodily injury an insured is legally entitled to collect from the owner or driver of an uninsured motor vehicle. The bodily injury must be caused by an accident arising out of the operation, maintenance or use of an uninsured motor vehicle.
> Uninsured Motor Vehicle—means:
>
> \* \* \*
>
> 2. a "hit-and-run" land motor vehicle whose owner or driver remains unknown and which *strikes:*

---

[1] Although plaintiff's circumstances evoke sympathy, his injury still does not lie within the responsibility of the no-fault insurance system. Instead, plaintiff should have sought relief from the Crime Victims Compensation Board; see MCL 18.351 *et seq.*; MSA 3.372(1) *et seq.*

a. the insured . . . and caused bodily injury to the insured.

The requirement in an uninsured motorist policy of "physical contact" between the allegedly uninsured vehicle that caused the accident and the plaintiff or the plaintiff's vehicle is enforceable in Michigan. See *Auto Club Ins Ass'n v Methner,* 127 Mich App 683, 687; 339 NW2d 234 (1983). Plaintiff relies on the criticism of *Methner* in *Hill v Citizens Ins Co of America,* 157 Mich App 383; 403 NW2d 147 (1987), but that case is distinguishable. In *Hill,* the plaintiff's husband was killed by a "large rock" projected through the windshield by the wheels of a passing truck. The Court applied a broad construction of the "physical contact" requirement, see *id.* at 391, but nonetheless concluded that "[i]t is still necessary that the proofs establish a substantial physical nexus between the disappearing vehicle and the object cast off or struck." *Id.* at 394.

Plaintiff's case does not demonstrate "substantial physical nexus" between the unidentified vehicle and plaintiff himself. Two cases from other jurisdictions support our conclusion.

In *Curtis v Birch,* 114 Ill App 3d 127; 69 Ill Dec 873; 448 NE2d 591 (1983), the plaintiffs' decedent was killed when the defendant shot her "as he drove an allegedly uninsured vehicle." *Id.* at 128. The court concluded:

Illinois courts have consistently held that some direct contact between the insured's vehicle and that of the uninsured or unknown driver is a condition precedent to establishing liability pursuant to [the applicable statute]. . . . Here, no such contact occurred. The instrumentality of the victim's injuries was a hand gun. The assailant could have carried out his intentions from a bicycle or

on foot. *The fact that the assailant was in a car at the time was merely incidental. [Id.* at 131; emphasis supplied.]

In *Locascio v Atlantic Mutual Ins Co,* 127 AD2d 746; 511 NYS2d 934 (1987), the plaintiff was shot with a handgun by the other driver involved in a minor collision. The court affirmed denial of his claim for first-party benefits because "the injuries did not arise from the physical contact between the vehicles." *Id.* at 747. The court also found the injuries did not arise from the "use or operation" of the vehicle and were not caused "by an accident." *Id.*

Plaintiff's injuries lack a sufficient "physical nexus" with the unidentified vehicle. Unlike the plaintiff in *Hill, supra,* plaintiff was not injured by an object accidentally projected by the uninsured vehicle. Rather, the "projectile" involved was a bullet fired from the handgun used by the assailant. There was no projection resulting from the vehicle itself. The same may be said of the bottle thrown from the other car. Under the facts of the case, the bottle itself did not cause plaintiff's injury and therefore is irrelevant to our inquiry.

Because the lack of physical contact disposes of this question, we do not reach whether plaintiff's injury was caused "by accident" and, if so, whether it arose out of the "ownership, maintenance or use of an uninsured motor vehicle."

Affirmed. Remanded for entry of judgment for defendant in the declaratory judgment action.