WILLS v STATE FARM INSURANCE COMPANY

Docket No. 188559. Submitted September 16, 1996, at Grand Rapids. Decided March 4, 1997, at 9:00 A.M.

Robert and Cathy Wills brought an action in the Barry Circuit Court against State Farm Insurance Company, their automobile insurer, seeking uninsured motorist benefits for injuries Robert Wills sustained while driving his automobile when it collided with trees after he ducked to avoid gunshots fired from an unidentified vehicle and unintentionally steered his automobile off the road. The court, James H. Fisher, J., on stipulated facts, denied summary disposition for the defendant and granted summary disposition for the plaintiffs. The defendant appealed.

The Court of Appeals *held*:

Uninsured motorist coverage is determined pursuant to the terms of the applicable automobile insurance policy because such coverage is not required by statute. The policy in this case provides coverage to an insured where, among other situations, a land motor vehicle whose owner or driver is unknown strikes the insured or the vehicle the insured is occupying and causes bodily injury to the insured. The requirement in an uninsured motorist policy of physical contact between a hit-and-run vehicle and the insured or the insured's vehicle is enforceable. Physical contact is broadly construed to include indirect physical contact as long as a substantial physical nexus exists between the unidentified vehicle and the insured or the insured's vehicle. A substantial physical nexus exists where the insured or the insured's vehicle is struck by a piece of the unidentified vehicle or a piece projected by the unidentified vehicle, but not where the insured or the insured's vehicle is struck by an object projected by an occupant of the unidentified vehicle.

Here, the parties stipulated that there was no physical contact between the unidentified vehicle and Robert Wills' automobile. Thus, in the absence of any physical contact between Wills or his automobile and the unidentified vehicle, uninsured motorist benefits are not available to the plaintiffs.

Reversed and remanded for entry of summary disposition for defendant.

INSURANCE — AUTOMOBILES — UNINSURED MOTORISTS — PHYSICAL CONTACT.
> The requirement in an uninsured motorist insurance policy of physical contact between an unidentified vehicle and the insured or the vehicle occupied by the insured is not satisfied where the insured or the insured's vehicle is struck by an object projected by an occupant of the unidentified vehicle.

*Richard L. Migala,* for the plaintiff.

*James, Dark & Brill* (by *John C. Fish*), for the defendant.

Before: GRIBBS, P.J., and MARKEY and T. G. KAVANAGH* , JJ.

PER CURIAM. Plaintiffs Robert and Cathy Wills filed a declaratory judgment action against defendant State Farm Insurance Company to determine whether defendant has a duty to pay benefits on behalf of Robert Wills (hereafter plaintiff) under the uninsured motorist provisions found in plaintiff's policy with defendant. Pursuant to the parties' stipulated statement of facts, the trial court granted summary disposition in plaintiffs' favor upon finding coverage where gunshots fired from an unidentified automobile passing plaintiff's vehicle caused plaintiff to drive off the road and suffer injuries. Defendant appeals as of right. We reverse and remand.

In 1994, defendant issued a policy of insurance to plaintiff to cover his 1989 Mercury Sable. As part of this policy, defendant promised to pay plaintiff certain damages if he were injured as the result of an automobile accident between his vehicle and a vehicle driven by an uninsured motorist. The policy stated as follows:

---

* Former Supreme Court justice, sitting on the Court of Appeals by assignment.

> We will pay damages for *bodily injury* an *insured* is legally entitled to collect from the owner or driver of an *uninsured motor vehicle*. The *bodily injury* must be caused by [an] accident arising out of the operation, maintenance or use of an *uninsured motor vehicle*.
> *Uninsured Motor Vehicle*—means:
>
> *     *     *
>
> 2. a "hit-and-run" land motor vehicle whose owner or driver remains unknown and which strikes
>   a. the *insured* or
>   b. the vehicle the *insured* is *occupying*
> and causes *bodily injury* to the *insured*. [Emphasis in original.]

While plaintiff was driving his Sable on Shaw Lake Road in Barry County, another vehicle pulled alongside his car as if it were passing him in the left lane. Suddenly, plaintiff saw a flash and heard gunshots. Reacting to the shots, plaintiff ducked down to the right toward the floor of the passenger area to avoid injury. Upon doing so, plaintiff turned the Sable's steering wheel to the right. The vehicle swerved off the road and hit two trees. As a result of the accident, plaintiff injured his neck and back, requiring surgery. The parties agree that there was no actual physical contact between the unidentified automobile from which the shots were fired and plaintiff's automobile. The unidentified vehicle and its occupants left the scene of the accident, and the identities of the occupants remain unknown.

Plaintiff subsequently filed a claim with defendant for medical and uninsured motorist benefits. Defendant paid plaintiff his medical benefits but denied plaintiff's claim for uninsured motorist benefits because there was no physical contact between plain-

tiff's Sable and the unidentified vehicle. Plaintiffs responded by filing a declaratory judgment action asking the trial court to enter judgment in their favor with regard to the coverage dispute and to order damages for defendant's bad-faith refusal to pay benefits or submit the matter to arbitration, as plaintiffs had requested.

Defendant moved for summary disposition under MCR 2.116(C)(8) and (C)(10) on the basis that the clear language of the uninsured motorist provision excluded coverage for the situation in question. The parties stipulated the facts and agreed that "[t]he issue to be decided by the Court is whether or not Plaintiff Robert Wills' bodily injury was caused by an accident arising out of the operation, maintenance or use of a[n] uninsured motor vehicle within the meaning of Defendant State Farm's policy."

At the hearing on defendant's motion, the trial court distinguished this Court's decision in *Kreager v State Farm Mutual Automobile Ins Co*, 197 Mich App 577; 496 NW2d 346 (1992), from the instant case and relied upon *Hill v Citizens Ins Co of America*, 157 Mich App 383; 403 NW2d 147 (1987), to find that a sufficient physical nexus existed between the two involved automobiles because, while they were moving, a projectile came from one car and entered the other. The trial court reasoned that this constituted a direct causal connection that was sufficient to permit recovery of uninsured motorist benefits under *Hill*. Also, given the bullet holes in plaintiff's vehicle, the court surmised that if it were up to it to decide the issue at a bench trial, it would find that the assault was against plaintiff's vehicle, not against plaintiff. According to the trial court, "as I understand the

court rule under directed—under declaratory judgments, the Court can accelerate the trial. So if somebody in a different court thinks that summary disposition was not proper, those would be—that would be my finding in a nonjury situation. And since we have stipulated facts, [that] would be my finding in a nonjury situation." Therefore, the court found in favor of plaintiffs under MCR 2.116(C)(8) and (C)(10)[1] and denied defendant's motion.

As its first issue on appeal, defendant asserts that the trial court erred in granting plaintiffs summary disposition because, on the basis of the stipulation of facts, no genuine issue of fact existed that plaintiff's vehicle was ever struck by the unidentified vehicle, and defendant therefore was entitled to entry of judgment. We review de novo the trial court's rulings with regard to summary disposition motions, declaratory judgments, and questions of law. See *Cardinal Mooney High School v Michigan High School Athletic Ass'n*, 437 Mich 75, 80; 467 NW2d 21 (1991); *State Treasurer v Schuster*, 215 Mich App 347, 350; 547 NW2d 332 (1996); *Michigan Residential Care Ass'n v Dep't of Social Services*, 207 Mich App 373, 375; 526 NW2d 9 (1994). Upon review de novo, we agree.

Uninsured motorist coverage is not required by statute; thus, the contract of insurance determines under what circumstances the benefits will be awarded. *Berry v State Farm Mutual Automobile Ins Co*, 219 Mich App 340, 346; 556 NW2d 207 (1996);

---

[1] We note that the trial court should have entered summary disposition pursuant to MCR 2.116(A) because the parties submitted a stipulation of facts to the trial court. For purposes of our analysis, we will use the correct court rule to determine whether plaintiffs or defendant was entitled to judgment as a matter of law. *Shirilla v Detroit*, 208 Mich App 434, 436-437; 528 NW2d 763 (1995).

*Auto-Owners Ins Co v Harvey,* 219 Mich App 466, 470; 556 NW2d 517 (1996). An uninsured motorist policy's requirement of "physical contact" between a hit-and-run vehicle and the insured or the insured's vehicle is enforceable in Michigan. *Berry, supra* at 347; *Kreager, supra* at 581-583; *Hill, supra* at 394. This Court has construed the physical contact requirement broadly to include indirect physical contact as long as a substantial physical nexus exists between the unidentified vehicle and the object cast off by that vehicle or the object that strikes the insured's vehicle. *Id.*

A "substantial physical nexus" between the unidentified vehicle and the object causing the injury to the insured has been found where the object in question was a *piece* of, or *projected* by, the unidentified vehicle, but not where the object originates from an occupant of an unidentified vehicle. See *Berry, supra* at 350; *Kreager, supra* at 579; *Adams v Zajac,* 110 Mich App 522, 526-527; 313 NW2d 347 (1981). In *Kreager, supra,* an occupant of an unidentified vehicle shot the insured while he stood outside the driver's side of his vehicle. He was standing there because someone in the unidentified vehicle had thrown a bottle at his car, and he responded by throwing the bottle back at the unidentified vehicle. The shooting occurred in apparent retaliation. After determining that the "physical contact" requirement was dispositive of the dispute between the insured and his uninsured motorist insurance carrier, this Court stated:

> Plaintiff's injuries lack a sufficient "physical nexus" with the unidentified vehicle. Unlike the plaintiff in *Hill, supra,* plaintiff was not injured by an object accidentally projected by the uninsured vehicle. Rather, the "projectile" involved

[here] was a bullet fired from the handgun used by the assailant. There was no projection resulting from the vehicle itself. [*Kreager, supra* at 583.]

This Court found no "substantial physical nexus" between the insured or his vehicle and the unidentified vehicle. It also agreed with defendant that the insured's injuries did not arise from any physical contact between the vehicles. Thus, in *Kreager, supra* at 582-583, this Court held that the insured could not recover uninsured motorist benefits.

In *Hill, supra* at 384-385, the plaintiff's husband was driving his vehicle when a camper-truck passing in the opposite direction propelled a large rock through the car's windshield, causing the husband's death. The trial court, relying on *Auto Club Ins Ass'n v Methner,* 127 Mich App 683; 339 NW2d 234 (1983) (uninsured vehicle forced the insured to drive off the road; no coverage in the absence of direct physical contact between vehicles), granted summary disposition in favor of the defendant because it did not believe that a rock propelled into the air by a vehicle's tire could constitute sufficient physical contact for purposes of uninsured motorist coverage. Finding the trial court's reliance on *Methner* misplaced, this Court reversed the trial court's decision. *Hill, supra* at 390, 395. Upon reviewing various Michigan and out-of-state cases, this Court found that direct physical contact between the uninsured vehicle and the insured was not required in order to find coverage. *Id.* at 390. Rather, because the parties agreed that a rock came through the windshield just as the other vehicle passed, the plaintiff could "establish a substantial physical nexus between the disappearing vehicle and the object cast off or struck." *Id.* at 394.

Moreover, this Court believed that requiring an insured to prove indirect contact would also foreclose the possibility of fraudulent phantom vehicle claims, such as in *Methner. Id.* "In summary, the overwhelming majority of jurisdictions hold that the 'physical contact' provision in uninsured motor vehicle coverage may be satisfied even though there is no direct contact between the disappearing vehicle and claimant or claimant's vehicle." *Id.;* see also *Berry, supra* at 347-348, 350.

In the case at bar, the parties stipulated that there was no actual physical contact between plaintiff's automobile and the unidentified vehicle in question. Rather, the bullets fired by an occupant of the unidentified vehicle struck plaintiff's car. Thus, unlike *Hill,* there was no physical contact between the involved vehicles and no projectile that the unidentified vehicle cast against plaintiff's car. See also *Berry, supra* at 343-350 (scrap metal left in road after trailer full of scrap passed through area fifteen minutes before insured collided with it satisfied substantial physical nexus requirement); *Adams, supra* at 526-527 (summary disposition for Secretary of State reversed where insured's vehicle went out of control after striking or swerving to avoid striking a truck tire and rim assembly left in the highway as the indirect physical contact between the involved vehicles was sufficient); *Lord v Auto-Owners Ins Co,* 22 Mich App 669, 672; 177 NW2d 653 (1970) (recovery permitted where a hit-and-run vehicle struck a second vehicle that in turn was propelled into the plaintiff's vehicle). Indeed, as this Court recognized in *Kreager, supra* at 581, the shooting was not related to the assailant's use of a motor vehicle as a motor vehicle because

"the shots could just as readily have been fired from a building, a parked car, a bicycle, or by a pedestrian." Thus, where it is undisputed that an *occupant* of an unidentified vehicle moving alongside plaintiff's vehicle shot at and hit plaintiff's vehicle, i.e., the projectile here came from a gun, not from the vehicle itself, plaintiff cannot show the requisite substantial physical nexus between the unidentified vehicle and himself or his vehicle. *Kreager, supra.*

Additionally, we reject the trial court's attempt to apply cases regarding the recovery of no-fault personal protection insurance benefits to the case at bar. See *Mann v DAIIE,* 111 Mich App 637; 314 NW2d 719 (1981), and *Saunders v DAIIE,* 123 Mich App 570; 332 NW2d 613 (1983).[2] The no-fault act mandates that, when claiming personal protection insurance benefits, the insured must show a causal connection between the injury sustained and the ownership, maintenance, or use of the *insured's* motor vehicle as a motor vehicle. MCL 500.3105(1); MSA 24.13105(1). The basis of an uninsured motorist dispute, however, focuses on the "ownership, maintenance or use of an *uninsured motor vehicle*" (emphasis added). *Kreager, supra* at 583. Therefore, because this is not a claim for first-party no-fault benefits, it is irrelevant whether plaintiff was using his automobile as an automobile at the time of the accident. Also, while we agree with the trial court that the physical contact requirement prevents fraudulent "phantom" vehicle claims under uninsured motorist policies, *Berry, supra* at 347, we also believe that it ensures a "substantial nexus

---

[2] Notably, this Court observed that the rationale underlying *Mann, supra,* and *Saunders, supra,* had been overruled in *Kennedy v Auto Club of Michigan,* 215 Mich App 264, 268; 544 NW2d 750 (1996).

between the disappearing vehicle and the object cast off or struck." *Hill, supra* at 394. Accordingly, we find that the trial court's attempts to distinguish the case at bar from *Kreager* must fail.

Giving the language of defendant's uninsured motorist policy its ordinary and plain meaning, *Hosking v State Farm Mutual Automobile Ins Co*, 198 Mich App 632, 633-634; 499 NW2d 436 (1993), and in light of this Court's decision in *Kreager*, we find that no uninsured motorist coverage is available for plaintiffs because the unidentified automobile did not strike or physically contact either plaintiff or plaintiff's vehicle. Stated otherwise, in the absence of any physical contact between plaintiff or his vehicle and the other automobile, that automobile is not considered a "hit-and-run" vehicle. Also, the bullets shot by an occupant of the fleeing vehicle, and which struck plaintiff's car, do not provide a sufficient physical nexus between the vehicles. *Berry, supra* at 347; *Kreager, supra*. Because plaintiff's injuries did not result from any physical contact between the unidentified vehicle and plaintiff's vehicle, we must reverse the trial court's grant of summary disposition in favor of plaintiffs and remand this case for entry of judgment pursuant to MCR 2.116(A) in favor of defendant with regard to the issue of uninsured motorist coverage.

In light of our ruling regarding this issue, we need not reach defendant's other issues on appeal.

Reversed and remanded for entry of summary disposition in favor of defendant. Defendant, being the prevailing party, may tax costs pursuant to MCR 7.219.

T. G. KAVANAGH, J., did not participate.