# STATE OF MICHIGAN

# COURT OF APPEALS

RONALD TUCKER,

        Plaintiff-Appellant,

v

JOHN DOE,

        Defendant,

and

METROPOLITAN GROUP PROPERTY AND
CASUALTY INSURANCE COMPANY,

        Defendant-Appellee.

UNPUBLISHED
March 14, 2017

No. 330199
Wayne Circuit Court
LC No. 14-015492-NI

Before: HOEKSTRA, P.J., and JANSEN and SAAD, JJ.

PER CURIAM.

In this action for uninsured motorist insurance benefits, plaintiff appeals as of right an order granting defendant's motion for summary disposition. Because the trial court erred by construing the parties' insurance contract to require direct physical contact with a hit-and-run vehicle, we reverse and remand for further proceedings.

This action arises out of traffic accident where a hit-and-run driver struck a van, which then struck plaintiff's vehicle. Plaintiff had just parked his car when a dark-colored minivan, traveling at a speed of 70 to 80 miles per hour, struck a white van traveling through a nearby intersection. The force of the impact caused the white van to hit plaintiff's car while plaintiff was still inside. The dark-colored minivan left the scene of the accident.

At the time of the accident, plaintiff had a no-fault insurance policy with defendant, which included uninsured motorist coverage. Specifically, the policy provided this uninsured motorist coverage as follows:

**We** will pay damages for **bodily injury** sustained by:

1. **you** or a **relative**, caused by an accident arising out of the ownership, maintenance, or use of an **uninsured motor vehicle**, which **you** or a **relative** are

-1-

legally entitled to collect from the owner or driver of an **uninsured motor vehicle**[.]

Under the terms of the policy, in relevant part, the phrase "uninsured motor vehicle" is defined as:

> 4. a hit and run **motor vehicle** which causes **bodily injury** to a person covered under this section as the result of striking that person or a **motor vehicle** which that person is **occupying** at the time of the accident . . . .

Based on these provisions, plaintiff sought uninsured motorist benefits under the insurance policy. However, defendant denied the claim, reasoning that plaintiff could not satisfy the "striking" requirement in the policy. Thereafter, plaintiff filed suit against defendant. Defendant moved for summary disposition, which the trial court granted based on the conclusion that plaintiff could not claim uninsured motorist benefits under the policy because the hit-and-run minivan did not "strike" plaintiff or his vehicle. Plaintiff now appeals as of right.

On appeal, plaintiff argues that the trial court erred by granting defendant's motion for summary disposition because there was a "substantial physical nexus" between the hit-and-run vehicle and the van that struck plaintiff's vehicle, which satisfied the striking requirement under plaintiff's automobile insurance policy. In particular, plaintiff maintains that the insurance policy, as written, does not require *direct* physical contact between plaintiff's vehicle and that of the hit-and-run vehicle. Instead, plaintiff contends that the striking requirement is satisfied in this case because the hit-and-run vehicle accomplished the striking of plaintiff's vehicle through the use of an intermediary vehicle. We agree.

We review the trial court's grant of a motion for summary disposition de novo. *Bonner v City of Brighton*, 495 Mich 209, 220; 848 NW2d 380 (2014). In this case, although defendant moved for summary disposition under both MCR 2.116(C)(8) and (C)(10), the parties and the trial court considered documentation beyond the pleadings, meaning that we will review the motion under MCR 2.116(C)(10). *Silberstein v Pro-Golf of Am, Inc*, 278 Mich App 446, 457; 750 NW2d 615 (2008). A motion under MCR 2.116(C)(10) tests the factual sufficiency of the complaint, and it is properly granted when the evidence "fails to establish genuine issue regarding any material fact." *Shinn v Mich Assigned Claims Facility*, 314 Mich App 765, 768; 887 NW2d 635 (2016) (citations omitted). "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003).

"Uninsured motorist insurance permits an injured motorist to obtain coverage from his or her own insurance company to the extent that a third-party claim would be permitted against the uninsured at-fault driver." *Rory v Continental Ins Co*, 473 Mich 457, 465; 703 NW2d 23 (2005). Because Michigan's no-fault act does not require uninsured motorist coverage, "the rights and limitations of such coverage are purely contractual and are construed without reference to the no-fault act." *Id*. at 465-466. "[T]he proper interpretation of contracts and the legal effect of contractual provisions are questions of law subject to review de novo." *DeFrain v State Farm Mut Auto Ins Co*, 491 Mich 359, 366-367; 817 NW2d 504 (2012). Insurance policies are

construed "in the same manner as any other species of contract, giving its terms their ordinary and plain meaning if such would be apparent to a reader of the instrument." *Id.* at 367 (citation omitted). A dictionary may be consulted to determine the ordinary meaning of an undefined term. *Pugh v Zefi*, 294 Mich App 393, 396; 812 NW2d 789 (2011). This Court will not rewrite an insurance policy in the guise of interpretation, *McKusick v Travelers Indem Co*, 246 Mich App 329, 338; 632 NW2d 525 (2001); nor will we read additional words into the plain language of a contract, *Northline Excavating, Inc v Livingston Co*, 302 Mich App 621, 628; 839 NW2d 693 (2013). Instead, we presume that unambiguous language should be enforced as written. *Dobbelaere v Auto-Owners Ins Co*, 275 Mich App 527, 530; 740 NW2d 503 (2007).

As recently summarized by this Court, a variety of linguistic formulations have been used in providing for uninsured motorist coverage in cases of hit-and-run accidents. *McJimpson v Auto Club Group Ins Co*, 315 Mich App 353, 359; ___ NW2d ___ (2016). Commonly, these policies require some sort of "physical contact" between the injured party's vehicle and the hit-and-run vehicle. See generally *id.* at 359-360. The purpose of this "physical contact" requirement is "to reduce the possibility of fraudulent phantom vehicle claims." *Berry v State Farm Mut Auto Ins Co*, 219 Mich App 340, 347; 556 NW2d 207 (1996).

The manner of physical contact required—that is, whether the hit-and-run vehicle must have direct physical contact with the injured party's vehicle, or whether contact can occur through an intermediate object—will depend on the wording of the specific policy. See *McJimpson*, 315 Mich App at 360-361. For instance, in *McJimpson*, this Court determined that "direct" physical contact was required because the policy at issue required "*direct* physical contact" with the hit-and-run motor vehicle. *Id.* at 355, 361-362. In contrast, in the absence of a modifying term, such as "direct," this Court has repeatedly recognized that a "physical contact" requirement is satisfied by direct or indirect contact. See *id.* at 359-360; see also *Berry*, 219 Mich App at 347; *Wills v State Farm Ins Co*, 222 Mich App 110, 115; 564 NW2d 488 (1997); *Hill v Citizens Ins Co of Am*, 157 Mich App 383, 394; 403 NW2d 147 (1987).

> Physical contact has been construed to include situations where no direct contact occurs. The most common circumstances in which recovery is permitted is when (1) the hit-and-run vehicle strikes a second or intervening vehicle which in turn is propelled into plaintiff's vehicle . . . and (2) an object is propelled into the plaintiff's vehicle by another vehicle which does not stop. [*Hill*, 157 Mich App at 389 (citations omitted).]

When it is determined that the policy allows for indirect contact, the test to be applied is whether "a substantial physical nexus exists between the unidentified vehicle and the object cast off by that vehicle or the object that strikes the insured's vehicle." *Wills*, 222 Mich App at 115.

Turning to the present case, uninsured motorist insurance coverage exists under the policy in the event of a hit-and-run accident when a hit-and-run motor vehicle "causes **bodily injury** to a person covered under this section as the result of *striking* that person or a **motor vehicle** which that person is **occupying** at the time of the accident" (italics added). As commonly understood, among other definitions, the term "strike" means "to come into contact forcefully," "to strike at: HIT;" "to bring into forceful contact;" and "to come into contact or collision with." *Merriam-Webster's Collegiate Dictionary* (2014). In other words, as ordinarily

understood, in the context of a car accident, the use of the term "striking" clearly denotes a physical contact requirement. Indeed, this Court has previously treated policies using the word "strike" as imposing a "physical contact" requirement. See, e.g., *Wills*, 222 Mich App at 112; *Berry*, 219 Mich App at 342.

Consistent with our previous interpretations of other contractual "physical contact" requirements, it is also clear that, in the absence of a modifying term such as "direct," use of the term "striking" allows for direct or indirect physical contact.[1] See *McJimpson*, 315 Mich App at 359-360; *Berry*, 219 Mich App at 342. In this respect, as commonly understood, the term "strike" generally allows that striking may be accomplished through an instrumentality. See, e.g., *American Heritage Dictionary* (2011) (defining strike as "to hit sharply, as with a hand, fist, weapon, or implement"); *Merriam-Webster's Collegiate Dictionary* (2014) (defining strike to include delivery of "a blow, stroke, or thrust (as with the hand, a weapon, or a tool)"). And, with regard to vehicular accidents involving multiple cars, this Court has previously recognized the physical reality that "the impact of the hit-and-run car" can be "transmitted to [another] car through an intermediate car." *Lord v Auto-Owners Ins Co*, 22 Mich App 669, 672; 177 NW2d 653 (1970). In other words, practically speaking, one car may "strike" another with an intermediate vehicle. Thus, in the absence of a modifying term such as "direct," we will not read into the parties' insurance policy a requirement that the hit-and-run vehicle must itself strike the injured person's vehicle. Cf. *McJimpson*, 315 Mich App at 361-362. Instead, striking with an intermediate object will suffice, and the question in this case becomes whether there was a "substantial physical nexus" between the hit-and-run vehicle and the vehicle that struck plaintiff's car. See *Wills*, 222 Mich App at 115.

Clearly, in this case, there is at least a question of fact with regard to whether the hit-and-run vehicle struck plaintiff's vehicle within the meaning of the policy. Plaintiff testified, and statements by the driver of the intermediate vehicle confirmed, that the hit-and-run vehicle forced the intermediate vehicle into plaintiff's vehicle. Given this evidence, it could reasonably be concluded that there is a substantial physical nexus and that the hit-and-run vehicle

---

[1] On appeal, defendant likens the present case to *McJimpson* and contends that *Berry* as well as the various other "physical contact" cases cited by plaintiff should be ignored because they failed to afford a plain and ordinary meaning to the phrase "strike." However, several of the decisions cited by plaintiff are published opinions of this Court issued after November 1, 1990, meaning that these cases are binding precedent on this Court. See MCR 7.215(J)(1). Moreover, contrary to defendant's suggestion that *McJimpson* supports its position, in *McJimpson*, 315 Mich App at 360-361, we in fact reaffirmed these previous decisions, recognizing the distinction between policies requiring *direct* physical contact and those containing a broader physical contact requirement which can be satisfied by direct or indirect contact. Indeed, defendant's reliance on *McJimpson* is wholly misplaced because, unlike the policy in this case, the contract in *McJimpson* expressly required "direct" physical contact. In other words, in our view, it is defendant that seeks to depart from the rules of contract interpretation by attempting to add a "direct" physical contact requirement to the parties' policy when no such requirement exists.

-4-

accomplished the striking of plaintiff's car through the use of the intermediate vehicle. Consequently, the trial court erred by granting defendant's motion for summary disposition.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction. Having prevailed in full, plaintiff may tax costs pursuant to MCR 7.219.


/s/ Joel P. Hoekstra
/s/ Kathleen Jansen
/s/ Henry William Saad