# Order

Michigan Supreme Court
Lansing, Michigan

March 19, 2021

162180

LARRY TANKANOW,
   Plaintiff-Appellee,

v

CITIZENS INSURANCE COMPANY OF
AMERICA,
   Defendant-Appellant.
_____/

Bridget M. McCormack,
Chief Justice

Brian K. Zahra
David F. Viviano
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh
Elizabeth M. Welch,
Justices

SC: 162180
COA: 348669
Washtenaw CC: 18-000249-NF

On order of the Court, the application for leave to appeal the September 17, 2020 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

ZAHRA, J. (*dissenting*).

I dissent from the Court's denial of leave. I would grant leave to appeal to consider whether this Court should overrule the cases employing the "substantial nexus" test as defined in *Berry v State Farm Mut Auto Ins Co*, 219 Mich App 340, 342 (1996), and *Hill v Citizens Ins Co of America*, 157 Mich App 383, 394 (1987). The Court of Appeals reversed the trial court's grant of defendant's motion for partial summary disposition and dismissal of plaintiff's claim for uninsured motorist benefits, holding that "a finder of fact could conclude that there was a 'substantial physical nexus' between the hit-and-run vehicle and the sulky, which plaintiff then hit with his insured vehicle."[1] But application of this "substantial nexus" test is seemingly contrary to this Court's repeated directive that courts must apply the common and ordinarily understood meaning of the language in an insurance contract.[2] Defendant reasonably argues that, without application of the "substantial nexus" test, the uninsured motorist policy at

---

[1] *Tankanow v Citizens Ins Co*, unpublished per curiam opinion of the Court of Appeals, issued September 17, 2020 (Docket No. 348669), p 4.

[2] E.g., *Bianchi v Auto Club of Mich*, 437 Mich 65, 71 n 1 (1991) ("The terms of an insurance policy should be construed in the plain, ordinary and popular sense of the language used, as understood by an ordinary person . . . .") (quotation marks and citation omitted); *Twichel v MIC Gen Ins Corp*, 469 Mich 524, 534 (2004) ("An insurance policy is enforced in accordance with its terms. Where a term is not defined in the policy, it is accorded its commonly understood meaning."); *Rory v Continental Ins Co*, 473 Mich 457, 461, 468 (2005) ("[I]nsurance policies are subject to the same contract construction principles that apply to any other species of contract. . . . A fundamental tenet of our jurisprudence is that unambiguous contracts are not open to judicial construction and must be *enforced as written*.") (emphasis altered). The "substantial nexus" test is uncomfortably similar to the approach to interpreting insurance policies that this Court repudiated in *Royal Globe Ins Cos v Frankenmuth Mut Ins Co*, 419 Mich 565, 574 (1984) (rejecting an approach that gives a "purposely broad construction" to a term in an insurance contract "for the public policy purpose of finding coverage").

issue in this case would not apply, as the policy language contemplates coverage only when an uninsured vehicle itself hits plaintiff's vehicle. Given the tension between application of the "substantial nexus" test and the plain language of the contract at issue, I would order oral argument to consider whether continued application of this test is appropriate.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

March 19, 2021

a0316



Clerk