■ In the Matter of the Arbitration between MANHATTAN AND BRONX SURFACE TRANSIT OPERATING AUTHORITY, Appellant, and ROSALIE CAMPBELL, Respondent.—In a proceeding to stay arbitration, petitioner appeals from a resettled judgment of the Supreme Court, Kings County, dated June 21, 1979, which denied its application and ordered that the parties shall forthwith proceed to arbitration of respondent's claim. Resettled judgment reversed, on the law, with $50 costs and disbursements, and petition granted. Respondent is not entitled to no-fault insurance benefits since her alleged injuries did not result from the "use or operation" of a motor vehicle as contemplated by section 670 *et seq.* of the Insurance Law. Therefore, arbitration of respondent's no-fault claim should have been stayed. (See *Matter of Manhattan & Bronx Surface Tr. Operating Auth. [Gholson],* 71 AD2d 1004.) Lazer, J. P., Rabin, Gulotta and O'Connor, JJ., concur.

■ In the Matter of EDWIN NEGRON, Petitioner, v JOHN VERHOFF, as Executive Director of the White Plains Housing Authority, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent authority, dated August 16, 1979 and made after a hearing, which found petitioner guilty of certain charges of misconduct and terminated his employment. Determination confirmed and proceeding dismissed on the merits, without costs or disbursements. The authority's determination has a rational basis and is supported by substantial evidence. Under the circumstances of this case, the sanction imposed is not so disproportionate to the offenses as to be shocking to one's sense of fairness (see *Matter of Pell v Board of Educ.,* 34 NY2d 222). Lazer, J. P., Rabin, Gulotta and O'Connor, JJ., concur.