■ ALAN V. LOCASCIO, Appellant, v ATLANTIC MUTUAL INSURANCE COMPANY, Respondent.—In an action to recover damages for breach of an insurance agreement, the plaintiff appeals from an order of the Supreme Court, Kings County (Jones, J.), dated October 22, 1985, which granted the defendant's motion for summary judgment dismissing the complaint, and denied the plaintiff's cross motion for summary judgment.

Ordered that the order is affirmed, with costs.

On October 20, 1984, the plaintiff was involved in an automobile collision with a vehicle driven by an unknown man. The plaintiff was not injured as a result of the collision. However, after both the plaintiff and the other driver exited their respective vehicles, the plaintiff was shot with a handgun by the other driver who then fled and was never found.

The plaintiff sought first-party benefits and uninsured motorist benefits pursuant to a policy issued by the defendant insurer. When the defendant disclaimed, the plaintiff instituted this action which Special Term dismissed upon the defendant's motion for summary judgment.

The plaintiff was not entitled to first-party benefits because his injuries did not arise from the "use or operation" of the automobile *(see, Matter of Manhattan & Bronx Surface Tr. Operating Auth. [Gholson],* 71 AD2d 1004, quoting from Insurance Law former § 671 [2], [now § 5102 (b)]). His claim for benefits under the uninsured motorist endorsement was also properly denied because his injuries were not caused by an accident *(see, McCarthy v MVAIC,* 16 AD2d 35, *affd* 12 NY2d 922) and the injuries did not arise from the physical contact between the vehicles *(see, Matter of Smith [Great Am. Ins. Co.],* 29 NY2d 116). Mangano, J. P., Bracken, Niehoff and Eiber, JJ., concur.