■ Lancer Insurance Company, Appellant, v Craig Peterson, by His Mother and Natural Guardian, Joan A. Peterson, et al., Respondents.—In a proceeding to permanently stay arbitration of a claim for no-fault benefits, the petitioner appeals from an order of the Supreme Court, Kings County (Ramirez, J.), dated January 16, 1990, which denied the petition.

Ordered that the order is reversed, on the law, with costs, and the petition is granted.

The record reveals that the respondent Craig Peterson was injured while riding on a bus when a fellow passenger bit him. His injuries were the subject of an application for no-fault benefits submitted to the bus company's insurer, the petitioner Lancer Insurance Company (hereinafter Lancer). After Lancer rejected the request for no-fault benefits, Peterson sought arbitration of the no-fault claim, and Lancer thereupon commenced this proceeding to permanently stay arbitration on

the ground that no-fault benefits are not available where the injury arises from an assault such as the one involved in this case. The Supreme Court denied the petition. We reverse.

It is well settled that no-fault benefits are unavailable where the injury does not arise "out of the use or operation of a motor vehicle" (Insurance Law § 5102 [b]; *see, Matter of Manhattan & Bronx Surface Tr. Operating Auth. [Campbell]*, 75 AD2d 645). Hence, no-fault benefits have been denied and arbitration stayed where the accident does not arise from the intrinsic nature of the vehicle and where the vehicle is neither the proximate cause of the accident nor the actual instrumentality which produces the injury *(see, Locascio v Atlantic Mut. Ins. Co.*, 127 AD2d 746; *Horney v Tisyl Taxi Corp.*, 93 AD2d 291; *Matter of Manhattan & Bronx Surface Tr. Operating Auth. [Gholson]*, 71 AD2d 1004). Inasmuch as the injuries in this case were the product of an intentional assault and the operation of the bus was wholly incidental to the injury-producing event, no-fault benefits are not available. Accordingly, the petition to permanently stay the arbitration should have been granted. Mangano, P. J., Bracken, Lawrence and Miller, JJ., concur.