■ PATRICIA OLIN, Plaintiff, v MARVIN MOORE et al., Defendants. MARY C. HOLDENER, as Administratrix of the Estate of KEITH HOLDENER, Deceased, Appellant, v RICHARD SALERNO, Defendant and Second-Third-Party Plaintiff-Respondent, MENDON LEASING CORP., Defendant and Third-Party Plaintiff-Respondent, GREGORY SMALLS, Respondent. SERV-IN FOODS, Third-Party Defendant-Respondent and Second-Third-Party Defendant-Respondent; MARVIN MOORE, Second-Third-Party Defendant-Respondent.—In consolidated actions, *inter alia,* to recover damages for personal injuries and wrongful death, the plaintiff Mary C. Holdener appeals from an order and judgment (one paper) of the Supreme Court, Nassau County (Di Noto, J.), dated January 4, 1990, which, *inter alia,* granted the motions of Mendon Leasing Corp. and the cross motion of Serv-In Foods, Inc., for summary judgment and

dismissed her complaint and all cross claims and third-party claims insofar as asserted against those parties.

Ordered that the order and judgment is affirmed, with one bill of costs to Mendon Leasing Corp. and Serv-In Foods, Inc., appearing separately and filing separate briefs, payable by the appellant.

On July 12, 1986, Keith Holdener was a passenger in a car driven by the defendant Richard Salerno, which was struck by a van owned by the defendant Mendon Leasing Corp. (hereinafter Mendon Leasing) and leased by third-party defendant Serv-In Foods, Inc. (hereinafter Serv-In Foods). Instead of stopping, the driver of the van, the defendant Gregory Smalls, drove away from the scene.

Salerno pursued and eventually caught up with the van. When both vehicles stopped, Salerno exited his vehicle and punched in a window of the van. The defendant Marvin Moore, a passenger in the van, then exited the van. Following a brief altercation with Salerno, Moore approached Salerno's vehicle, where he then stabbed Keith Holdener and other occupants of Salerno's vehicle. Keith Holdener subsequently died of his injuries.

We disagree with the contentions of the administratrix of Keith Holdener's estate that the decedent's injuries and subsequent death arose out of "negligence in the use or operation" of a motor vehicle pursuant to Vehicle and Traffic Law § 388. "Not every injury occurring in or near a motor vehicle is covered by the phrase 'use or operation'. The accident must be connected with the use of an automobile *qua* automobile * * * The fact that the plaintiff was injured by an assault while riding as a passenger does not bring the claim within coverage since the use of the motor vehicle must be the proximate cause of plaintiff's injuries to come within the ambit of the 'use or operation' clause" *(United Servs. Auto. Assn. v Aetna Cas. & Sur. Co.,* 75 AD2d 1022; *see also, Horney v Tisyl Taxi Corp.,* 93 AD2d 291, 293; *Locascio v Atlantic Mut. Ins. Co.,* 127 AD2d 746). In the present case, the decedent's injuries resulted solely from the assault by Moore, not the initial accident. His injuries, therefore, did not arise out of "negligence in the use or operation" of a motor vehicle. Lawrence, J. P., Balletta, O'Brien and Ritter, JJ., concur.