In the Matter of Avon Nursing Home et al., Respondents, v David Axelrod, as Commissioner of Health of the State of New York, et al., Appellants. (Appeal No. 1.) [601 NYS2d 725] —Judgment unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Respondents (collectively, the State) submitted a plan amendment (87-7) to the Federal Health Care Financing Administration (HCFA) proposing a change in the methodology for calculating the Medicaid reimbursement rate for certain service providers. Specifically, the State plan amendment provided for an average 10% positive or negative corridor adjustment (1987 Adjustment) to the average wage and fringe benefit cost established pursuant to a Regional Input Price Adjustment Factor adopted and implemented by the State in 1986. Federal regulations require that each plane change be approved by the HCFA and that each plan amendment include "assurances" and "findings" that the amendment provides for reimbursement payments that "are reasonable and adequate to meet the costs that must be incurred by efficiently and economically operated facilities" (42 CFR 447.250 [a]; see also, 42 CFR 447.253). The HCFA found the assurances submitted by the State for the 1987 Adjustment to be deficient, and the 1987 Adjustment has been judicially declared null and void because the State failed to submit adequate findings and assurances (Pinnacle Nursing Home v Axelrod, 928 F2d 1306).

Petitioners commenced these CPLR article 78 proceedings to annul the State's adoption of the 1987 Adjustment and application of that adjustment to the calculation of the Medicaid reimbursement rate applicable to petitioners for the years 1987-1991. Supreme Court granted each petition, declaring that the 1987 Adjustment is null and void because the State failed to submit the required findings and assurances and because, as a matter of State law, the 1987 Adjustment lacked a rational basis and its adoption and implementation was arbitrary and capricious. Supreme Court directed that petitioners' reimbursement rates be recalculated without utilizing the 1987 Adjustment, that petitioners be reimbursed for any

amounts owed by reason of a recalculation of the rate, and that petitioners be awarded the costs and disbursements of each proceeding.

The State, on this appeal, does not challenge Supreme Court's determination that the 1987 Adjustment is null and void because the State failed to submit adequate findings and assurances. The State contends that, assuming arguendo that it did not submit adequate findings and assurances, it could nevertheless cure that deficiency at any time and if the plan amendment ultimately is approved by the HCFA, the 1987 Adjustment would take effect on January 1, 1987. In other words, the State contends that Supreme Court's direction that petitioners be reimbursed for any difference in the recalculated rates is premature because the 1987 Adjustment could be retroactively applied to the calculation of reimbursement rates for the years in question. That contention is devoid of merit. Although Federal regulations provide that "[a] State plan amendment that is approved will become effective not earlier than the first day of the calendar quarter in which an *approvable* amendment is submitted in accordance with § 430.20 of this chapter and § 447.253" (42 CFR 447.256 [c]; emphasis added), the State has failed to demonstrate that plan amendment 87-7 is *approvable*. The submission of findings and assurances satisfactory to HCFA is a precondition to that agency's approval of a plan amendment. Thus, until adequate findings and assurances have been submitted, a plan amendment is not approvable. This is not an instance where the HCFA has asked for clarifications of a plan's methodology or the State's assurances and ultimately approves the plan amendment without significant change (see, e.g., *Washington State Health Facilities v State of Wash. Dept. of Social & Health Servs.,* 879 F2d 677; *Children's Hosp. v Secretary of Dept. of Pub. Welfare,* 568 F Supp 1001). In the instant case, the HCFA and courts have found the State's findings and assurances to be deficient and not in compliance with regulation requirements. Although the State has appended documents to its brief and reply brief suggesting that the 1987 Adjustment has been incorporated into plan amendment 90-11 and that this plan amendment may be approvable effective January 1, 1990, that material is dehors the record and cannot be considered on this appeal (see, *Matter of Bligen v Kelly,* 126 AD2d 989; *Broida v Bancroft,* 103 AD2d 88, 93). The State, in opposing the instant petitions, relied exclusively upon the 1987 Adjustment as contained in plan amendment 87-7.

Under the circumstances, we affirm those portions of the judgments annulling the State's adoption and application of the 1987 Adjustment to petitioners' reimbursement rates for the years 1987-1991 upon the ground that the State failed to submit adequate findings and assurances and directing that the reimbursement rates for each petitioner be recalculated without the 1987 Adjustment and that petitioners be reimbursed for any difference in the recalculated rates *(see, New York State Assn. of Counties v Axelrod,* 78 NY2d 158; *New York State Assn. of Counties v Axelrod,* 191 AD2d 132). Because it was unnecessary for Supreme Court to reach the issue whether, as a matter of State law, the 1987 Adjustment lacked a rational basis, each judgment is modified by deleting the second decretal paragraph thereof. (Appeal from Judgment of Supreme Court, Monroe County, Calvaruso, J.—Article 78.) Present—Callahan, J. P., Green, Balio, Fallon and Doerr, JJ.