Health of the State of New York, et al., Appellants. (Appeal No. 9.) [601 NYS2d 887] —Judgment unanimously modified on the law and as modified affirmed without costs in accordance with same Memorandum as in *Matter of Avon Nursing Home v Axelrod* (195 AD2d 1046 [decided herewith]). (Appeal from Judgment of Supreme Court, Monroe County, Calvaruso, J.—Article 78.) Present—Callahan, J. P., Green, Balio, Fallon and Doerr, JJ.

■ In the Matter of NEWARK MANOR NURSING HOME et al., Respondents, v DAVID AXELROD, as Commissioner of Health of the State of New York, et al., Appellants. (Appeal No. 10.) [601 NYS2d 887] —Judgment unanimously modified on the law and as modified affirmed without costs in accordance with same Memorandum as in *Matter of Avon Nursing Home v Axelrod* (195 AD2d 1046 [decided herewith]). (Appeal from Judgment of Supreme Court, Monroe County, Calvaruso, J.—Article 78.) Present—Callahan, J. P., Green, Balio, Fallon and Doerr, JJ.

■ In the Matter of SYLCOX NURSING HOME AND HEALTH RELATED FACILITY et al., Respondents, v DAVID AXELROD, as Commissioner of Health of the State of New York, et al., Appellants. (Appeal No. 11.) [601 NYS2d 888] —Judgment unanimously modified on the law and as modified affirmed without costs in accordance with same Memorandum as in *Matter of Avon Nursing Home v Axelrod* (195 AD2d 1046 [decided herewith]). (Appeal from Judgment of Supreme Court, Monroe County, Calvaruso, J.—Article 78.) Present—Callahan, J. P., Green, Balio, Fallon and Doerr, JJ.

■ In the Matter of WOODSIDE MANOR NURSING HOME, INC., et al., Respondents, v DAVID AXELROD, as Commissioner of Health of the State of New York, et al., Appellants. (Appeal No. 12.) [601 NYS2d 888] —Judgment unanimously modified on the law and as modified affirmed without costs in accordance with same Memorandum as in *Matter of Avon Nursing Home v Axelrod* (195 AD2d 1046 [decided herewith]). (Appeal from Judgment of Supreme Court, Monroe County, Calvaruso, J.—Article 78.) Present—Callahan, J. P., Green, Balio, Fallon and Doerr, JJ.

■ In the Matter of VALLEY VIEW MANOR NURSING HOME, Respondent, v DAVID AXELROD, as Commissioner of Health of the State of New York, et al., Appellants. (Appeal No. 13.) [601

NYS2d 888] —Judgment unanimously modified on the law and as modified affirmed without costs in accordance with same Memorandum as in *Matter of Avon Nursing Home v Axelrod* (195 AD2d 1046 [decided herewith]). (Appeal from Judgment of Supreme Court, Monroe County, Calvaruso, J.—Article 78.) Present—Callahan, J. P., Green, Balio, Fallon and Doerr, JJ.

■ In the Matter of VALLEY VIEW MANOR NURSING HOME, Respondent, v DAVID AXELROD, as Commissioner of Health of the State of New York, et al., Appellants. (Appeal No. 14.) [601 NYS2d 889] —Judgment unanimously modified on the law and as modified affirmed without costs in accordance with same Memorandum as in *Matter of Avon Nursing Home v Axelrod* (195 AD2d 1046 [decided herewith]). (Appeal from Judgment of Supreme Court, Monroe County, Calvaruso, J.—Article 78.) Present—Callahan, J. P., Green, Balio, Fallon and Doerr, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. DONALD L. GREEN, Appellant, v HUBERT J. SPECKARD, as Superintendent of Groveland Correctional Facility, et al., Respondents. [602 NYS2d 576] —Judgment unanimously affirmed for the reasons stated in decision at Supreme Court, Houston, J. (Appeal from Judgment of Supreme Court, Livingston County, Houston, J.—Habeas Corpus.) Present—Pine, J. P., Fallon, Boomer, Davis and Boehm, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM MAJOR, Appellant. [602 NYS2d 576] —Appeal from judgment insofar as it imposes sentence unanimously dismissed as moot and judgment otherwise affirmed. Memorandum: Defendant has failed to preserve for our review his contentions that his statements to the police were not voluntarily made and that the police lacked probable cause to make the warrantless arrest of defendant in his mother's apartment *(see,* CPL 470.05 [2]). Defendant failed to raise those issues before the suppression court and they may not be raised for the first time on appeal *(see, People v Hall,* 61 NY2d 834, 835; *People v Adams,* 163 AD2d 881, 882, *lv denied* 77 NY2d 875; *People v Ruggles,* 159 AD2d 969, *lv denied* 76 NY2d 864, *rearg denied* 76 NY2d 990). The sole issue raised before the suppression court was whether defendant's statements to the police should be suppressed as the product of a warrantless arrest in his mother's apartment in violation of *Payton v New York* (445 US 573). The suppression court's finding that defendant's