OPINION OF THE COURT
Memorandum.
In Matter of Avon Nursing Home v Axelrod (and 13 other proceedings), the orders of the Appellate Division should be affirmed, with costs; in Matter of Brothers of Mercy Nursing & Rehabilitation Ctr. v Commissioner of N. Y. State Dept. of Health, the order of the Appellate Division, insofar as appealed from, should be reversed, with costs, and the judgment of Supreme Court, Albany County, reinstated.
In 1986, the Department of Health (DOH), which is responsible for setting the State’s Medicaid reimbursement rates for nursing homes and health-related facilities, implemented a new methodology for computing such rates based on several cost components (see, New York State Assn. of Counties v Axelrod, 78 NY2d 158). In 1987, DOH concluded that certain adjustments to key components had to be made because of a perceived hardship experienced by publicly operated facilities whose labor costs exceeded the regional average as a result of factors beyond their control. Thus, DOH promulgated the regional input price adjustment factor (RIPAF) (10 NYCRR 86-2.10 [c] [3] [i]).
In 1991, the United States Court of Appeals for the Second Circuit declared the RIPAF adjustment invalid on the ground that the State had violated the requirements of the Federal Boren Amendment. That provision demands that the States make certain "findings” and give certain "assurances” of adequacy before submitting changes in the State reimbursement plan for approval by the Federal Health Care Financing Administration (HCFA) (Pinnacle Nursing Home v Axelrod, 928 F2d 1306; see, 42 USC § 1396a [a] [13] [A]; 42 CFR 447.250 *983 [a]; see also, 42 CFR 447.253). The Second Circuit ruled that the RIPAF adjustment was "null and void until such time that proper findings are submitted and approved by HCFA” (928 F2d, at 1318). Shortly after the Second Circuit’s decision was handed down, petitioners commenced these CPLR article 78 proceedings to annul DOH’s decision to apply the RIPAF adjustment to the calculation of their rates for prior years.*
Inasmuch as the Second Circuit’s decision nullifying the RIPAF adjustment remains undisturbed, respondents must recalculate petitioners’ reimbursement rates for the affected years under the previously existing rate structure and without regard to the RIPAF adjustment. Respondents’ contention that the defect in the rate adjustment was "procedural” in nature and therefore subject to cure does not provide a valid reason to deny petitioners relief as to the rate adjustment that the Federal courts have already nullified. Equally unpersuasive are the State’s contentions based on its continuing efforts to obtain Federal approval of a pre-1992 effective date for the rate structure that was authorized in that year. If and when the State succeeds in those efforts, it may then pursue whatever remedies the law permits (cf., Matter of Jewish Home & Infirmary v Commissioner of N. Y. State Dept. of Health and Matter of New York Assn. of Homes v Commissioner of N. Y. State Dept. of Health, 84 NY2d 252 [decided herewith]).
At this point, petitioners are entitled to have their rates for the years in dispute recalculated and to be reimbursed for any amounts owed them by reason of that recalculation. We note that our rationale renders it unnecessary to determine whether the RIPAF adjustment promulgated in 1987 lacked a rational basis.
Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith and Ciparick concur; Judge Levine taking no part.
In Matter of Avon Nursing Home et al.: Orders affirmed, with costs, in a memorandum.
In Matter of Brothers of Mercy Nursing & Rehabilitation Ctr.: Order, insofar as appealed from, reversed, with costs, and *984 judgment of Supreme Court, Albany County, reinstated in a memorandum.

 In Matter of Avon Nursing Home v Axelrod and the 13 related proceedings, petitioners’ reimbursement rate for the period between 1987 and 1991 is at issue. In Matter of Brothers of Mercy Nursing & Rehabilitation Ctr., only the reimbursement rate for 1992 is at issue, because the trial court determined that any claims challenging the RIPAF adjustment for earlier years are time barred. That ruling has not been placed before us on this appeal.