■ In the Matter of SOMERS MANOR NURSING HOME, Respondent, v BARBARA A. DeBUONO, as Commissioner of Health of the State of New York, et al., Appellants. [688 NYS2d 772] —Spain, J. Appeal from a judgment of the Supreme Court (Teresi, J.), entered April 30, 1998 in Albany County, which, in a proceeding pursuant to CPLR article 78, *inter alia*, denied respondents' motion to dismiss the petition as time barred.

Petitioner commenced this proceeding to challenge, *inter alia*, the application of the 1987 revision of the "regional input price adjustment factor" (hereinafter 1987 RIPAF adjustment) to its 1988 Medicaid reimbursement rates. According to respondents, when the State revised its Medicaid reimbursement methodology in 1986, an RIPAF was included in an effort to neutralize the effect on labor costs of wage differentials among facilities located in various regions of the State. The RIPAF employed in 1986 was based purely on regional average wage costs. The 1987 RIPAF adjustment was adopted to mitigate the impact of the strict use of regional averages on facilities which had high labor costs for legitimate reasons beyond their control. Respondents moved to dismiss the petition on the ground that petitioner had failed to challenge or seek relief from the 1987 RIPAF adjustment in its rate appeal, and thus this proceeding was barred by the expiration of the four-month Statute of Limitations, which had not been tolled by petitioner's 1988 rate appeal.

Supreme Court denied the motion. Respondents thereafter stipulated that, pursuant to the holding in *Matter of Avon Nursing Home v Axelrod* (83 NY2d 977), if it were determined on appeal that the 1987 RIPAF adjustment issue had in fact been raised in the rate appeal, petitioner would prevail on the merits. The parties stipulated to a judgment which expressly preserved respondents' right to appeal the denial of their motion to dismiss petitioner's challenge to the 1987 RIPAF adjustment. They also stipulated that the challenge to the recalibration of petitioner's 1988 Medicaid rates had been rendered moot. Respondents now appeal.

The only issue on this appeal is whether Supreme Court

properly concluded that petitioner's 1988 rate appeal included a challenge to the 1987 RIPAF adjustment. In item 9 of its 1988 rate appeal, petitioner claims that the revised regional grouping, rate-setting methodology adopted in 1986 unfairly penalizes it. This appeal item also alleges that although a new regulation—cited as 10 NYCRR 86-2.10 (m), which contains the 1987 RIPAF adjustment—had been adopted "in an attempt to deal with some of the inequities that have resulted from the new regional groupings", the regulation did not adequately address petitioner's unfair regional grouping problem. Petitioner requested that "the grouping be revised or alternatively that a compensating factor be permitted to [petitioner] to make up for the disadvantage created by the new regional grouping".

It is undisputed that the regulation referred to in the appeal item contains the 1987 RIPAF adjustment (*see*, 10 NYCRR 86-2.10 [m]). Respondents contend, however, that petitioner effectively challenged only the revised regional grouping, which was implemented in 1986. They argue that the appeal's reference to the 1987 RIPAF adjustment was limited to an assertion that the problems created by the revised regional grouping had continued despite the 1987 RIPAF adjustment. According to respondents, petitioner failed to specifically request that the 1987 RIPAF adjustment be removed from the 1988 rates and, therefore, the appeal did not sufficiently challenge the 1987 RIPAF adjustment.

However, petitioner's administrative appeal did not merely contain a reference to the inadequacies of the 1987 RIPAF adjustment; it also included an alternative request for a "compensating factor" to make up for the disadvantage created by the new regional grouping. When considered in the context of petitioner's assertion that the 1987 RIPAF adjustment did not adequately address the problems created by the revised regional groupings, petitioner's request for a compensating factor was reasonably viewed by Supreme Court as a request that the compensating factor be used in place of or in conjunction with the ineffective 1987 RIPAF adjustment. Having identified the deficiencies with the 1987 RIPAF adjustment to the new methodology implemented in 1986, petitioner was necessarily challenging both in an effort to obtain complete relief. Petitioner did not, in this proceeding, change the substance of the grounds for the relief it sought from that raised and sought in the administrative appeal (*cf., Matter of County of Monroe v Kaladjian*, 83 NY2d 185, 190).

Respondents recognize that the administrative appeal would have constituted a sufficient challenge if it put the agency on

notice that the 1987 RIPAF adjustment was being contested. However, in contrast to *Matter of Saint Mary's Hosp. v Axelrod* (108 AD2d 1068), upon which respondents rely, petitioner's administrative appeal was not limited to narrow issues which did not encompass the broader issue raised in this subsequent CPLR article 78 proceeding. Petitioner's administrative appeal was sufficiently broad to present the claim that, because it was ineffective to cure the disadvantage to petitioner created by the revised regional groupings, the 1987 RIPAF adjustment itself lacked a rational basis and should be replaced or supplemented by a compensating factor which would cure the disadvantage (*see, Young Men's Christian Assn. v Rochester Pure Waters Dist.*, 37 NY2d 371, 375; *see also,* CPLR 7801 [1]). Such a claim was sufficient to put the agency on notice that the 1987 RIPAF adjustment was being challenged and relief related thereto was being requested. Accordingly, there is no basis upon which to disturb Supreme Court's denial of respondents' motion to dismiss.

Cardona, P. J., Peters, Carpinello and Graffeo, JJ., concur. Ordered that the judgment is affirmed, without costs.