■ In the Matter of JOSEPH A. SISSON, Appellant, v ANTOINETTE LECH et al., Respondents. [697 NYS2d 805] —Judgment unanimously reversed on the law without costs, motion denied and new trial granted. Memorandum: Supreme Court erred in granting respondents' motion for a directed verdict dismissing the petition. Petitioner alleged therein that he was terminated from his public employment in violation of Civil Service Law § 75-b, commonly referred to as the "whistleblower's law", and that he was terminated in bad faith. As a provisional employee, petitioner could be discharged at will, absent proof that such discharge "was for a constitutionally impermissible purpose or in violation of statutory or decisional law" (*Matter of York v McGuire*, 63 NY2d 760, 761). Petitioner presented evidence at trial that the termination of his employment was related to the fact that he reported to the Community Service Board that his superior, respondent Antoinette Lech, acted in an improper manner with respect to him and two other employees (*see,* Civil Service Law § 75-b [2] [a] [ii]; *Bordell v General Elec. Co.*, 88 NY2d 869, 871). Viewing the evidence in the light most

favorable to petitioner, we conclude that there is a "rational basis whereby [a] jury might find for the [petitioner] as against the moving [respondents]" (*Lacy v Guthrie Clinic,* 184 AD2d 1057) with respect to both causes of action, and thus respondents are not entitled to a directed verdict. (Appeal from Judgment of Supreme Court, Niagara County, Koshian, J.—CPLR art 78.) Present—Pine, J. P., Wisner, Pigott, Jr., Hurlbutt and Scudder, JJ.