■ In the Matter of JOHN O'DONNELL, Respondent, v ROBERT FERGUSON, as Chief of Police of Town of Evans, et al., Appellants. [709 NYS2d 321] —Judgment unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court erred in granting the petition in part by reinstating petitioner to the position of part-time police officer in the Town of Evans, directing that he remain in that position unless suspended or dismissed pursuant to Town Law § 155, and ordering a hearing on damages.

From 1990 until 1998, petitioner had been appointed annually as a part-time police officer by the Town Board of the Town

of Evans (Town Board). Respondent Chief of Police of the Town of Evans posted a notice in the Police Department stating that, effective November 17, 1998, petitioner would no longer work for the Town. No other notice was given to petitioner, nor was he informed of the reason he would no longer work for the Town. Petitioner, who was a full-time employee of the New York State Department of Correctional Services, had worked a total of only 27.5 days for the Town from January 1998 to October 1998. However, when petitioner was on duty for the Town, he had the same powers and responsibilities as the full-time members of the Police Department, including the same powers of arrest as the full-time officers. He carried the same firearm, wore the same uniform as the full-time officers, and was allowed to become a member of the same retirement system. In addition, he was required to complete the same specialized training as the full-time officers.

We agree with respondents that petitioner was a "special" police officer appointed pursuant to Town Law § 158 (1) who served at the pleasure of the Town Board and therefore was not entitled to the protections of Town Law § 155. Thus, the court erred in determining that the Town Board lacked authority to dismiss petitioner without first complying with Town Law § 155. Pursuant to Town Law § 158 (1), the Town Board "may employ temporary police officers from time to time" as the Town Board deems necessary, and such officers "shall serve at the pleasure of the town board." "[S]uch police officers shall be known as 'special policemen' and shall have all the power and authority conferred upon constables by the general laws of the state and such additional powers, not inconsistent with law, as shall be conferred upon them by the town board." (Town Law § 158 [1].) We reject the contention of petitioner that he was employed on a regular basis as a part-time police officer rather than as a "special" police officer; petitioner was not scheduled to work on a regular part-time basis, but was called only from "time to time" to work on a temporary basis (Town Law § 158 [1]; cf., Matter of Goldfluss v Bonali, 89 AD2d 708, 709). We therefore modify the judgment by dismissing the petition in its entirety. (Appeal from Judgment of Supreme Court, Erie County, Mintz, J.—CPLR art 78.) Present—Pigott, Jr., P. J.; Hayes, Hurlbutt and Scudder, JJ.