■ MARC A. WALPOLE, Respondent, v KAREN P. LOCKHART, as Executrix of OLGA M. PEROCCHI, Deceased, Defendant, ADIRONDACK TRANSIT LINES, INC., et al., Appellants, and TIMOTHY ALGUIRE, Doing Business as TRIPLE A. TAXI, Appellant-Respondent. [775 NYS2d 640]—

Appeals from an order of the Supreme Court, Oswego County (Robert J. Nicholson, J.), entered September 9, 2002. The order denied the motion of defendant Timothy Alguire, doing business as Triple A Taxi, for summary judgment dismissing the complaint and cross claims against him and denied the motion of defendants Adirondack Transit Lines, Inc. and Charles S. Pona in a personal injury action.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting the motion of defendant Timothy Alguire, doing business as Triple A Taxi, and dismissing the complaint and cross claims against him and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for stress and anxiety related injuries he allegedly sustained after the pickup truck he was operating struck and killed Olga M. Perocchi (decedent). Decedent was a passenger on a bus owned by defendant Adirondack Transit Lines, Inc. and operated by defendant Charles S. Pona (collectively,

Adirondack defendants). Allegedly due to obstacles in the driveway of the bus stop owned by defendant Timothy Alguire, doing business as Triple A Taxi, Pona pulled to the side of the road, across the highway from Alguire's property. Decedent exited the bus and was struck by plaintiff as she attempted to cross the highway.

Supreme Court properly denied that part of the motion of the Adirondack defendants for summary judgment dismissing the complaint against them. The theory of liability asserted against the Adirondack defendants does not "arise from the intrinsic nature of the [bus]" and the bus was "neither the proximate cause of the accident nor the actual instrumentality which produce[d] the injury" (*Lancer Ins. Co. v Peterson*, 175 AD2d 239, 240 [1991]). Therefore, the "serious injury" threshold of Insurance Law § 5102 (d) is inapplicable to plaintiff's action against the Adirondack defendants (*see Walton v Lumbermens Mut. Cas. Co.*, 88 NY2d 211, 215 [1996]; *Matter of New York Cent. Mut. Fire Ins. Co. [Hayden]*, 209 AD2d 927, 928 [1994]; *see generally Matter of Manhattan & Bronx Surface Tr. Operating Auth. [Gholson]*, 71 AD2d 1004 [1979]).

We further conclude, however, that the court erred in denying the motion of Alguire for summary judgment dismissing the complaint and cross claims against him. Alguire contends that he owed no duty to plaintiff and thus cannot be held liable for any injuries sustained by plaintiff. We agree with Alguire that, even if he owed a duty to decedent (*see Lockhart v Adirondack Tr. Lines*, 305 AD2d 766 [2003]), he did not owe a duty to users of the highway such as plaintiff (*see Hamilton v Beretta U.S.A. Corp.*, 96 NY2d 222, 233 [2001]; *Pulka v Edelman*, 40 NY2d 781, 783 [1976], *rearg denied* 41 NY2d 901 [1977]; *see also Waters v New York City Hous. Auth.*, 69 NY2d 225, 231 [1987]).

We do not address the contention that the contract between Alguire and the Adirondack defendants created a duty to third parties because it is raised for the first time on appeal (*see Bruno v Price Enters.*, 299 AD2d 846, 847 [2002]).

We reject the contention of the Adirondack defendants that Alguire is barred by the doctrine of collateral estoppel from litigating the issue of duty based on *Lockhart* (305 AD2d 766 [2003]; 289 AD2d 686 [2001]). The legal issue in that case concerned Alguire's duty to decedent and thus there is no identity of issues between that case and this one. Moreover, Alguire was not given a full and fair opportunity in that litigation to argue the absence of any duty to plaintiff (*see generally Gramatan Home Invs. Corp. v Lopez*, 46 NY2d 481, 485 [1979]). We therefore modify the order by granting the motion of Alguire

and dismissing the complaint and cross claims against him. Present—Pine, J.P., Wisner, Kehoe, Gorski and Hayes, JJ.