SHARON P. NOVAK, Appellant, v JAMES E. NOVAK, Respondent. [789 NYS2d 784]—

Appeal from an order of the Supreme Court, Monroe County (Philip B. Dattilo, Jr., R.), entered November 20, 2003. The order, among other things, granted in part plaintiff's motion to enforce the parties' stipulation and judgment of divorce.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by vacating those parts of the first ordering paragraph holding that Supreme Court has no power to modify the Qualified Domestic Relations Order and that the issue is res judicata and as modified the order is affirmed without costs and the matter is remitted to Supreme Court, Monroe County, for further proceedings in accordance with the following Memorandum: Plaintiff appeals from an order that, inter alia, granted her motion to enforce the parties' stipulation and judgment of divorce but held that Supreme Court had no power to modify a qualified domestic relations order (QDRO) because "[that] issue is res judicata." We agree with the contention of plaintiff that res judicata does not bar modification of the QDRO. On a previous appeal in this case we determined that the court properly denied defendant's motion to amend or correct the QDRO pursuant to CPLR 5019 (a) because the modification would affect a substantial right of a party (*Novak v Novak*, 299 AD2d 924 [2002]). Defendant had sought to amend the QDRO so that plaintiff would share in any loss of the funds covered by the QDRO. In the appeal now before us, plaintiff moved to enforce the parties' stipulation and judgment of divorce, which provide that she is entitled to one half the value of defendant's Eastman Kodak Company savings and investment plan as of July 6, 1999, the date of the filing of the complaint, "plus any increase in value to that specific amount by way of interest or value that accumulated thereto in the account." Because plaintiff has not had a full and fair opportunity to litigate that issue, the doctrine of res judicata does not apply to her motion (*see Gramatan*

*Home Invs. Corp. v Lopez*, 46 NY2d 481, 485 [1979]; *see also Walpole v Lockhart*, 6 AD3d 1087, 1088 [2004]). Consequently, we modify the order by vacating those parts of the first ordering paragraph holding that the court has no power to modify the QDRO and that the issue is res judicata, and we remit the matter to Supreme Court to enforce the parties' stipulation and judgment of divorce. Present—Green, J.P., Scudder, Martoche, Smith and Lawton, JJ.