■ JOHN O'DONNELL, Appellant, v ROBERT FERGUSON, Individually and as Chief of Police of Town of Evans, et al., Respondents. [805 NYS2d 748]—

Appeal from an order of the Supreme Court, Erie County (Donna M. Siwek, J.), entered August 24, 2004. The order granted defendants' motion for summary judgment dismissing the amended complaint and denied plaintiff's cross motion for summary judgment.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying the motion and reinstating the amended complaint and as modified the order is affirmed with costs to plaintiff.

Memorandum: Plaintiff, a former police officer for the Town of Evans, commenced this action seeking damages for defendants' allegedly illegal termination of his employment. The first three causes of action of the amended complaint seek redress pursuant to 42 USC § 1983 and allege that the termination violated plaintiff's constitutional rights of due process of law and free speech. The fourth cause of action alleges that the termination was in retaliation for plaintiff's political activity off the job, in violation of Labor Law § 201-d.

Plaintiff appeals from an order that, inter alia, granted defendants' motion for summary judgment dismissing the amended complaint based on the collateral estoppel effect of a prior judgment in a prior CPLR article 78 proceeding commenced by plaintiff (the petitioner therein) to annul his termination on the ground that defendants (the respondents therein) had failed to comply with Town Law § 155. In addition to seeking relief under CPLR article 78, plaintiff asserted causes of action seeking damages for the violation of his constitutional rights and rights under Labor Law § 201-d. Supreme Court granted plaintiff relief pursuant to CPLR article 78 in that proceeding but did not address his remaining causes of action. Instead, the court dismissed those causes of action "without prejudice to the bringing of a separate action seeking such [damages]." On appeal, we modified the judgment by dismissing the CPLR article 78 petition in its entirety (*Matter of O'Donnell v Ferguson*, 273 AD2d 905 [2000], *lv denied* 96 NY2d 701 [2001]). We agreed with defendants that plaintiff was a "special" police officer appointed pursuant to Town Law § 158 (1) who served at the pleasure of the Town Board of the Town of Evans and who therefore was not entitled to the protections of Town Law § 155 (273 AD2d at 906). We did not address the causes of action for monetary relief that had been dismissed.

We conclude that the court herein erred in dismissing the

amended complaint on the ground of collateral estoppel, and we modify the order accordingly. The doctrine of collateral estoppel precludes a party from relitigating an issue previously litigated by and decided against that party in which the party " 'had a fair opportunity to fully litigate the point' " (*Kaufman v Eli Lilly & Co.*, 65 NY2d 449, 455 [1985], quoting *Gilberg v Barbieri*, 53 NY2d 285, 291 [1981]). Here, none of the issues relating to the federal constitutional causes of action and the cause of action under Labor Law § 201-d was decided in the prior proceeding (*see Walpole v Lockhart*, 6 AD3d 1087, 1088 [2004]). To the contrary, the court in the prior proceeding expressly abstained from deciding those issues and, in so doing, deprived plaintiff of a full and fair opportunity to litigate those issues to conclusion (*see Gramatan Home Invs. Corp. v Lopez*, 46 NY2d 481, 485 [1979]; *Walpole*, 6 AD3d at 1088). Further, we note that the sole issue decided by us in the prior appeal, i.e., whether plaintiff was a part-time police officer entitled to the protections of Town Law § 155 as opposed to a "special" police officer not entitled to such protections (*O'Donnell*, 273 AD2d at 906), is unrelated to the causes of action asserted herein. Defendants are incorrect to the extent that they contend that, as an "at-will" employee, plaintiff could be terminated for a constitutionally impermissible or statutorily proscribed purpose (*see Murphy v American Home Prods. Corp.*, 58 NY2d 293, 305 [1983]; *see generally Matter of York v McGuire*, 63 NY2d 760, 761 [1984]; *Matter of Sisson v Lech*, 266 AD2d 858 [1999]). Present—Hurlbutt, J.P., Scudder, Kehoe, Martoche and Hayes, JJ.