JOHN O'DONNELL, Appellant, v ROBERT FERGUSON, Individually and as Chief of Police of Town of Evans, et al., Respondents. [891 NYS2d 844]—

Memorandum: Plaintiff, a former police officer employed by the Town of Evans, commenced this action alleging that his employment was terminated in violation of his constitutional rights of free speech and due process, and in violation of Labor Law § 201-d. On a prior appeal, we dismissed the petition in a related CPLR article 78 proceeding upon our determination that plaintiff, the petitioner therein, was a special police officer pursuant to Town Law § 158, and not a part-time police officer entitled to the protections afforded by Town Law § 155 (*Matter of O'Donnell v Ferguson*, 273 AD2d 905 [2000], *lv denied* 96 NY2d 701 [2001]). Plaintiff thereafter commenced this action and, on a prior appeal, we determined that Supreme Court erred in granting defendants' motion for summary judgment dismissing the amended complaint (*O'Donnell v Ferguson*, 23 AD3d 1005 [2005]). Prior to the commencement of trial, the parties appeared before the court for "oral argument," whereupon plaintiff moved, inter alia, for permission to present evidence that he had been employed as a part-time police officer at the time of his termination, based upon new evidence that he discovered after our prior determination that he was a special

police officer in the appeal from the judgment in the CPLR article 78 proceeding. The court denied plaintiff's motion based on our determination in that prior appeal.

As a preliminary matter, we note that the parties have attached to their briefs material containing information that cannot be considered on appeal inasmuch as that material is not contained in the record on appeal (*see Matter of Avon Nursing Home v Axelrod*, 195 AD2d 1046, 1047 [1993], *affd* 83 NY2d 977 [1994]). Nevertheless, the record on appeal contains an excerpt from the deposition of defendant Robert Ferguson, taken following the 2000 appeal, in which he admits that plaintiff was employed as a part-time police officer by the Town of Evans. Although we recognize that Supreme Court has broad discretion to rule on the admissibility of evidence (*see Carlson v Porter* [appeal No. 2], 53 AD3d 1129, 1132 [2008], *lv denied* 11 NY3d 708 [2008]), our determination in 2000 that plaintiff was a special police officer was based upon our interpretation of Town Law §§ 155 and 158 as applied to the facts presented to us at that time. We thus conclude that the court abused its discretion in refusing to permit plaintiff to present evidence of Ferguson's subsequent testimony to the contrary. We therefore modify the order accordingly. We note that the court otherwise did not abuse its discretion with respect to the remainder of plaintiff's motion. Present—Scudder, P.J., Centra, Fahey, Green and Gorski, JJ.