# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1186

CA 12-00466

PRESENT: SMITH, J.P., FAHEY, SCONIERS, VALENTINO, AND WHALEN, JJ.

---

JOHN O'DONNELL, PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

ROBERT FERGUSON, INDIVIDUALLY AND AS CHIEF OF
POLICE OF TOWN OF EVANS, ROBERT R. CATALINO, II,
INDIVIDUALLY AND AS SUPERVISOR OF TOWN OF EVANS,
AND THOMAS A. PARTRIDGE, THOMAS A. CSATI,
KAREN C. ERICKSON AND JOSEPH GOVENETTIO,
INDIVIDUALLY AND AS MEMBERS OF TOWN BOARD OF
TOWN OF EVANS, DEFENDANTS-RESPONDENTS.

---

CHIACCHIA & FLEMING, LLP, HAMBURG (CHRISTEN ARCHER PIERROT OF
COUNSEL), FOR PLAINTIFF-APPELLANT.

SMITH, MURPHY & SCHOEPPERLE, LLP, BUFFALO (STEPHEN P. BROOKS OF
COUNSEL), FOR DEFENDANTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Erie County (Donna M. Siwek, J.), entered November 23, 2011. The order, inter alia, precluded plaintiff from offering evidence on the issue of whether he was a part-time employee.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying that part of the motion seeking to preclude plaintiff from offering evidence that, after this Court's determination in *Matter of O'Donnell v Ferguson* (273 AD2d 905, 906, *lv denied* 96 NY2d 701) that plaintiff was not a part-time employee, defendants made statements and engaged in conduct that was inconsistent with that determination, and as modified the order is affirmed without costs in accordance with the following Memorandum: Plaintiff, a former police officer employed by the Town of Evans, commenced this action seeking damages pursuant to 42 USC § 1983 and Labor Law § 201-d for defendants' allegedly illegal termination of his employment. In 1998, defendants terminated plaintiff's employment without affording him notice or a hearing. Plaintiff subsequently commenced a CPLR article 78 proceeding seeking, inter alia, reinstatement to his position and, on a prior appeal, we modified the judgment by dismissing the petition in its entirety on the ground that plaintiff "was a 'special' police officer appointed pursuant to Town Law § 158 (1) who served at the pleasure of the Town Board [of the Town of Evans (Town Board)] and therefore was not entitled to the protections of Town Law § 155" (*Matter of O'Donnell v Ferguson*, 273 AD2d 905, 906, *lv denied* 96 NY2d 701). In a prior appeal with respect

to this action, we determined that the doctrine of collateral estoppel did not preclude this action because "none of the issues relating to the federal constitutional causes of action and the cause of action under Labor Law § 201-d was decided in the prior proceeding" (*O'Donnell v Ferguson*, 23 AD3d 1005, 1007).  We further noted that "[d]efendants are incorrect to the extent that they contend that, as an 'at-will' employee, plaintiff could be terminated for a constitutionally impermissible or statutorily proscribed purpose" (*id.*).

In another prior appeal with respect to this action, we determined that Supreme Court abused its discretion in refusing to allow plaintiff to present evidence of defendant Robert Ferguson's September 2007 deposition testimony that plaintiff was a part-time employee, which evidence was contrary to our determination in the CPLR article 78 proceeding in 2000 that plaintiff was not entitled to the protections of Town Law § 155 because he was not a part-time employee (*O'Donnell v Ferguson*, 68 AD3d 1681, 1682).

In the instant appeal, plaintiff appeals from an order that, inter alia, granted defendants' motion in limine to preclude him from presenting further evidence on the issues whether he was a part-time employee and whether he was entitled to formal charges and a hearing prior to termination.  We note at the outset that, although the parties do not address the issue of the appealability of an order determining a motion in limine, the order in this case is appealable (*see Franklin Corp. v Prahler*, 91 AD3d 49, 54).  "Generally, an order ruling [on a motion in limine], even when made in advance of trial on motion papers constitutes, at best, an advisory opinion which is neither appealable as of right nor by permission" (*Innovative Transmission & Engine Co., LLC v Massaro*, 63 AD3d 1506, 1507 [internal quotation marks omitted]; *see Scalp & Blade v Advest, Inc.*, 309 AD2d 219, 224).  Here, however, the order precluded the introduction of evidence on the issue whether defendants were liable for punitive damages.  "[B]ecause the court's order 'has a concretely restrictive effect on the efforts of plaintiff[] to . . . recover [punitive] damages, . . . defendant[s'] motion . . . [was] the functional equivalent of a motion for partial summary judgment dismissing the complaint insofar as it sought [such] damages' " (*Franklin*, 91 AD3d at 54).  "[A]n order that . . . 'limits the legal theories of liability to be tried' or the scope of the issues at trial . . . is appealable" (*Scalp & Blade*, 309 AD2d at 224).

Contrary to plaintiff's contention, the court did not abuse its discretion by precluding plaintiff from relitigating the issue whether plaintiff was a part-time employee entitled to the protections of Town Law § 155.  That issue was decided in defendants' favor on a prior appeal (*O'Donnell*, 273 AD2d at 906), and "[t]he doctrine of collateral estoppel precludes a party from relitigating 'an issue which has previously been decided against him [or her] in a proceeding in which he [or she] had a fair opportunity to fully litigate the point' " (*Kaufman v Eli Lilly & Co.*, 65 NY2d 449, 455; *see Pinnacle Consultants v Leucadia Natl. Corp.*, 94 NY2d 426, 431-432).

Nevertheless, although the court has broad discretion to rule on the admissibility of evidence (*see Carlson v Porter* [appeal No. 2], 53 AD3d 1129, 1132, *lv denied* 11 NY3d 708), we agree with plaintiff that the court abused its discretion by granting that part of defendants' motion in limine seeking to preclude plaintiff from offering evidence that, after our 2000 determination that plaintiff was not a part-time employee, defendants made statements and engaged in conduct that was inconsistent with our 2000 determination (*see O'Donnell*, 68 AD3d at 1682). We therefore modify the order accordingly. In this case, the record on appeal includes the entire transcript of Ferguson's deposition testimony, in which Ferguson admitted that plaintiff was a part-time employee. He further admitted both that, after we issued our determination in 2000, another police officer with the same employment classification as plaintiff was presented with formal charges and the opportunity for a hearing prior to termination, and that the Town of Evans unsuccessfully attempted to change the employment classification of certain police officers. The record also includes copies of the formal charges offered to the other police officer, resolutions of the Town Board dated April 17, 2002, appointing certain individuals to the position of "Special Policemen pursuant to Section 158 of the Town Law," and subsequent resolutions of the Town Board dated June 5, 2002, reappointing those same individuals to positions as "part-time Police Officers." We conclude that plaintiff should be permitted to present that evidence as well as any similar evidence of defendants' statements and actions after our determination in 2000 that were inconsistent with that determination for the purpose of demonstrating defendants' intent with respect to their conduct toward plaintiff (*see id.*).

Entered:  November 16, 2012                    Frances E. Cafarell
                                               Clerk of the Court