*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JUDE CANDELLA,

Plaintiff-Appellant,

v

LIBERTY MUTUAL INSURANCE CO.,

Defendant-Appellee.

UNPUBLISHED
August 13, 2020

No. 348146
Wayne Circuit Court
LC No. 18-000210-NI

Before: RONAYNE KRAUSE, P.J., and SAWYER and BOONSTRA, JJ.

PER CURIAM.

Plaintiff appeals by right an order granting defendant's motion for summary disposition under MCR 2.116(C)(8) and (C)(10) in this civil dispute involving claims for uninsured motorist benefits. We affirm.

Plaintiff claims that he was injured in a hit-and-run accident when he was stopped at a red light and was rear-ended by an elderly couple driving a maroon van. He estimated the van was driving 35 miles per hour when it hit his Toyota Corolla. The police were not called to nor present at the scene of the accident. Plaintiff did not take any photographs of either vehicle and testified there were no other witnesses to the accident. Plaintiff did write down a license plate number for the van, but the number written did not match any registered vehicle. Subsequently, plaintiff was unable to identify the at-fault driver. Three weeks later, plaintiff reported the accident to officers at Eastpointe Police Station. Officer Murdock examined plaintiff's vehicle, but observed there was no damage.

At the time of the alleged accident, plaintiff had an insurance policy issued by defendant, Liberty Mutual Insurance Company. The policy included uninsured motorist coverage, which provided in an endorsement that defendant would pay for "compensatory damages which an 'insured' is legally entitled to recover from the owner or operator of an 'uninsured motor vehicle' because of 'bodily injury': (1) Sustained by an 'insured; and (2) Caused by an accident." The policy defined an "uninsured motor vehicle" and specified: "If there is no direct physical contact with the hit-and-run vehicle the facts of the accident must be proved. We will only accept

-1-

competent evidence other than the testimony of a person making a claim under this or any similar coverage."

Plaintiff filed a complaint against defendant, seeking payment of his outstanding PIP claims and uninsured motorist coverage. In response, defendant filed a motion for summary disposition as to plaintiff's uninsured motorist coverage claim pursuant to MCR 2.116(C)(8) and (C)(10). Defendant also filed a supplemental motion for summary disposition. Defendant submitted that plaintiff failed to satisfy the policy's "corroborative evidence" requirement to obtain uninsured motorist benefits. The policy required evidence beyond the claimant's own testimony, and plaintiff did not offer any evidence of the accident other than his own assertions. Plaintiff responded and asserted that plaintiff's own testimony is sufficient to create a question of fact for trial regarding whether an accident occurred. Plaintiff further argued that the requirement to provide additional proof does not apply in this case and such a requirement is against public policy and unenforceable.

Plaintiff's claim for PIP benefits was dismissed after the parties stipulated to its dismissal. Defendant's motions for summary disposition regarding the uninsured motorist coverage claim were heard by the trial court. The trial court granted defendant's supplemental motion and concluded that there was insufficient evidence to obtain coverage under the policy. The trial court did not grant defendant's motion regarding threshold but did consider, but not determine, whether there was a genuine issue of fact as to causation. The trial court concluded there were issues of fact regarding whether plaintiff's ability to lead his normal life had been affected. The trial court's primary basis for granting summary disposition was that plaintiff had not provided any evidence that the accident occurred beyond his own statements, and he had not even provided an expert who could opine that a 35 mph accident could occur without leaving any damage to plaintiff's vehicle.

This Court reviews de novo a trial court's decision on a motion for summary disposition. *Sawabini v Desenberg*, 143 Mich App 373, 375; 372 NW2d 559 (1985). A motion under MCR 2.116(C)(8) tests the legal sufficiency of the complaint and a motion under MCR 2.116(C)(10) tests the factual sufficiency. *Maiden v Rozwood*, 461 Mich 109, 119-120; 597 NW2d 817 (1999). All well-pleaded allegations are accepted as true and construed most favorably to the nonmoving party. *Wade v Dep't of Corrections*, 439 Mich 158, 162-163; 483 NW2d 26 (1992). A court considers only the pleadings and may only grant a motion for summary disposition under MCR 2.116(C)(8) where the claims alleged are "so clearly unenforceable as a matter of law that no factual development could possibly justify recovery." *Id.* A motion for summary disposition under MCR 2.116(C)(10) may be granted if documentary evidence shows there is no genuine issue of material fact. *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996). A mere promise by a litigant to establish an issue of fact at trial is insufficient. *Maiden*, 461 Mich at 121. Specific facts showing a genuine issue must be set forth at the time of the motion to survive summary disposition under MCR 2.116(C)(10). *Id.*

Insurance providers are not statutorily required to provide uninsured motorist coverage within their policies. *Wills v State Farm Ins Co*, 222 Mich App 110, 114; 564 NW2d 488 (1997). Insurance policies may provide greater coverage than is required by statute. *Rohlman v Hawkeye-Sec Ins Co*, 442 Mich 520, 540; 502 NW2d 310 (1993). "[T]he insurance policy itself, which is the contract between the insurer and the insured, controls the interpretation of its own provisions providing benefits not required by statute." *Rohlman*, 442 Mich at 525. It is the duty of the Court

to determine the intention of the parties based on the language of the policy. *Berry v State Farm Mut Auto Ins Co*, 219 Mich App 340, 347; 556 NW2d 207 (1996). As stated in *McGrath v Allstate Ins Co*, 290 Mich App 434, 439; 802 NW2d 619 (2010):

> The language of insurance contracts should be read as a whole and must be construed to give effect to every word, clause, and phrase. When the policy language is clear, a court must enforce the specific language of the contract . . . An insurance contract is ambiguous if its provisions are subject to more than one meaning. [Internal citations omitted.]
>
> The policy at issue defines "uninsured motor vehicle" as:
>
> a land motor vehicle or trailer of any type which is a hit-and-run vehicle whose operator or owner cannot be identified and which hits or causes an object to hit: (a) You or any "family member"; (b) A vehicle which you or any "family member" are "occupying"; or (c) "Your covered auto."

The policy also includes a clause in an endorsement: "If there is no direct physical contact with the hit-and-run vehicle the facts of the accident must be proved. We will only accept competent evidence other than the testimony of a person making a claim under this or any similar coverage."

Plaintiff provided testimony that direct physical contact did occur between his vehicle and the hit-and-run vehicle, although there was no physical damage to plaintiff's vehicle. Plaintiff argues that based on this testimony, the clause requiring additional evidence did not become triggered. Defendant disagrees and points to the second sentence of the clause, arguing that "evidence other than the testimony of a person making a claim" is not limited to only claims with "no direct physical contact," but applies to "this or any similar coverage," including the claim at issue. Plaintiff argues that insurance policies are strictly construed against insurers, but overlooks that *contra proferentem* is a "last resort" rule of construction, applicable only where contractual language is ambiguous and no other means can be found to determine the intent of the parties. *Klapp v United Ins Group Agency, Inc*, 468 Mich 459, 470-472; 662 NW2d 447 (2003). We find no ambiguity that the second sentence of the endorsement clause stands alone, given its stated applicability to any "claim under this or any similar coverage" and its omission of any reference to a particular topic of the evidence.

Defendant argues that allowing plaintiff to be excused from the evidence requirement because of his own testimony would defy the purpose of including the requirement in the policy. We agree. The "direct physical contact" provision is designed to protect insurers against fraud. *Hill v Citizens Ins Co of America*, 157 Mich App 383, 394; 403 NW2d 147 (1987). The possibility of fraud is substantially diminished by tangible physical evidence. *Id.* Allowing testimony by the person making the claim to satisfy the physical contact requirement would make the requirement obsolete and would have the potential to increase the number of fraudulent claims to be brought against insurance companies.

Next, plaintiff argues that records from medical providers provided sufficient additional evidence of the accident as they reflect that his injury was suffered as a result of the accident. We disagree. The records only indicate that plaintiff *reported* to medical professionals that he was

injured in a vehicular accident, not that the medical professionals concluded independently that he was involved in an accident. We agree with the trial court that a medical opinion that supported the cause of plaintiff's injury would have been necessary to provide the requisite evidence of the accident. Evidence beyond conjecture is required to prove that the accident occurred. "Parties opposing a motion for summary disposition must present more than conjecture and speculation to meet their burden of providing evidentiary proof establishing a genuine issue of material fact. A conjecture is simply an explanation consistent with known facts or conditions, but not deducible from them as a reasonable inference." *Libralter Plastics, Inc v Chubb Group of Ins Cos*, 199 Mich App 482, 486; 502 NW2d 742 (1993) (internal citations omitted). The medical professionals' mention of the vehicle accident in their records is not "evidence other than the testimony of a person making a claim" because the medical professionals did not independently conclude that the injuries occurred from an accident; rather, they diagnosed plaintiff's slap tear as degenerative. It fails to satisfy the evidence requirement to establish a genuine issue of fact.

Plaintiff also argues that this Court ought to reverse the trial court's dismissal of plaintiff's PIP claims because there is a genuine issue of material fact as to whether, due to the incident, plaintiff obtained an objectively manifested injury that affects his ability to lead his normal life. This Court need not address this issue because the parties stipulated to the dismissal of the PIP claim. *In re Estate of Koch*, 322 Mich App 383; 912 NW2d 205 (2017) (engineering firm stipulated to dismissal of case, and thus it waived argument that trial court improperly failed to resolve its cross-claims). Also, a party cannot simply announce a position without making an argument to support it and rely on the Court to make the argument for it. "It is not enough for an appellant in his brief simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position." *Mitcham v City of Detroit*, 355 Mich 182, 203; 94 NW2d 388 (1959). See *Arrand v Graham*, 297 Mich 559, 564; 298 NW 281 (1941); *Dolby v Dillman*, 283 Mich 609, 613; 278 NW 694 (1938).

Defendant brings forth an additional issue, not addressed by the trial court and not properly before us. Defendant argues summary disposition is proper on the alternative ground that plaintiff failed to create a genuine issue of material fact as to whether, under the policy, plaintiff would be "legally entitled to recover from the owner or operator of an 'uninsured motor vehicle' because of 'bodily injury.'" Because we conclude that plaintiff failed to provide "evidence other than the testimony of a person making a claim" that the accident occurred, summary disposition was proper under the policy endorsement, so we need not address any alternative grounds for affirmance.

Affirmed. Defendant may tax costs.


/s/ Amy Ronayne Krause
/s/ David H. Sawyer
/s/ Mark T. Boonstra

-4-