*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

LARRY TANKANOW,

        Plaintiff-Appellant,

v

CITIZENS INSURANCE COMPANY OF
AMERICA,

        Defendant-Appellee.

UNPUBLISHED
September 17, 2020

No. 348669
Washtenaw Circuit Court
LC No. 18-000249-NF

Before: CAVANAGH, P.J., and BORRELLO and TUKEL, JJ.

PER CURIAM.

Plaintiff appeals as of right an order granting partial summary disposition in favor of defendant regarding plaintiff's claim for uninsured motorist benefits. On appeal, plaintiff argues that the trial court erred by concluding that it was necessary for the hit-and-run vehicle to directly impact his vehicle for him to be entitled to these benefits. Considering the language of the insurance contract and Michigan caselaw, we agree; thus, we reverse and remand for further proceedings.

This case arises out of an accident involving plaintiff's vehicle that occurred while he was traveling through Tennessee. Plaintiff, a Michigan resident, was driving from Florida to Michigan. While plaintiff was driving north on I-75, he observed an old, "beaten up" RV traveling in the same direction with a sulky[1] "bungee corded" to the back. Plaintiff stopped outside of Chattanooga for dinner. It was dark when he continued north on I-75. Suddenly, plaintiff saw wheels moving toward him and initially believed that he was about to run over a bicycle. However, plaintiff ran over the sulky, causing $8,000 in damage to his vehicle. He pulled his vehicle to the shoulder of the highway because it was inoperable. Then he saw the RV that he had observed earlier—it was

---

[1] Some of the pleadings in this case refer to the cart as a "surrey"; however, plaintiff hit a sulky with his vehicle. A sulky is a type of cart used in horse racing. It has two wheels and a seat for the driver.

pulled over about a quarter mile ahead of him. The driver of the RV "took off." As a result of the accident, plaintiff suffered an injury to his lower back that required surgery.

Plaintiff filed a complaint seeking personal protection insurance (PIP) benefits, as well as uninsured motorist benefits because the sulky that caused the accident fell off the RV that left the scene. Defendant filed a motion for partial summary disposition under MCR 2.116(C)(10), arguing that (1) the sulky was not the "hit-and-run vehicle" as defined in the insurance policy, and (2) the actual hit-and-run vehicle, the RV, never "hit" plaintiff's vehicle. Plaintiff opposed the motion, arguing that direct physical contact was not required; rather, indirect contact as occurred here was sufficient. The trial court agreed with defendant, granting the motion for partial summary disposition and dismissing plaintiff's claim for uninsured motorist benefits. The parties later settled regarding the payment of PIP benefits. This appeal followed.

Plaintiff argues that he was entitled to uninsured motorist benefits under the policy because he hit the sulky—an object that had been propelled off of the RV, the hit-and-run vehicle. We agree.

This Court reviews a trial court's decision on a motion for summary disposition de novo. *Rory v Continental Ins Co*, 473 Mich 457, 464; 703 NW2d 23 (2005). A motion brought under MCR 2.116(C)(10) tests the factual support of a plaintiff's claim and should be granted if, after consideration of the evidence submitted by the parties in the light most favorable to the nonmoving party, no genuine issue regarding any material fact exists. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 160; 934 NW2d 665 (2019). "There is a genuine issue of material fact when reasonable minds could differ on an issue after viewing the record in the light most favorable to the nonmoving party." *Allison v AEW Capital Mgt, LLP*, 481 Mich 419, 425; 751 NW2d 8 (2008). The interpretation of an insurance contract is also reviewed de novo. *Drouillard v American Alternative Ins Co*, 504 Mich 919, 919; 929 NW2d 777 (2019).[2]

Because uninsured motorist coverage is not statutorily mandated, the terms of the contract control whether benefits are payable. *Id*. at 919. As with any other issue of contract interpretation, our objective is to determine what the agreement was and enforce the intent of the parties. *Drouillard v American Alternative Ins Co*, 323 Mich App 212, 217; 916 NW2d 844 (2018) (citation omitted), rev'd on other grounds by *Drouillard*, 504 Mich 919 (2019). The intent of the parties is determined by considering the plain language of the contract. *Id*. "If the contractual language is unambiguous, courts must interpret and enforce the contract as written because an unambiguous contract reflects the parties' intent as a matter of law." *Id*. at 217-218 (quotation marks and citation omitted).

In *Drouillard*, 232 Mich App at 215, an ambulance driver hit drywall that had fallen out of the back of a pickup truck. In that case, the insurance policy stated that uninsured motorist benefits were payable when a hit-and-run vehicle "hit, or cause[d] an object to hit" the insured vehicle. *Id*.

---

[2] *Drouillard* is a Michigan Supreme Court order rather than an opinion. However, a Supreme Court order is binding when it "constitutes a final disposition of an application and contains a concise statement of the applicable facts and reasons for the decision." *DeFrain v State Farm Mut Auto Ins Co*, 491 Mich 359, 369; 817 NW2d 504 (2012).

at 216. This Court held that uninsured motorist benefits were unavailable because the building materials were lying stationary in the road at the time of the accident; therefore, the ambulance struck the materials in the roadway, and it was "not a situation in which a hit-and-run vehicle caused an object to hit the insured ambulance . . . ." *Id*. at 223.

However, the Michigan Supreme Court disagreed, explaining that "[b]y depositing the drywall directly in the path of an oncoming vehicle, the unidentified vehicle caused the drywall to come in contact with the oncoming vehicle." *Drouillard*, 504 Mich at 920. According to our Supreme Court, "whether the drywall was moving or was stationary at the time of the contact is not dispositive." *Id*. Therefore, the Court held that "the phrase 'cause an object to hit' does not preclude coverage under the uninsured motor vehicle provision in this case merely because the drywall was stationary at the time of the accident." *Id*. at 921.

Here, plaintiff's insurance policy included the following language:

> B. "Uninsured motor vehicle" means a land motor vehicle or trailer of any type:
>
> * * *
>
> 3. Which is a hit-and-run vehicle whose operator or owner cannot be identified and which *hits*:
>
> * * *
>
> c. "Your covered auto" . . . . [Emphasis added.]

Thus, this case is distinguishable from *Drouillard* because the policy terms do not include the phrase "cause an object to hit." Nevertheless, caselaw supports that the "cause an object to hit" language is not dispositive or necessary for a court to hold that contact by an object other than the hit-and-run vehicle itself may be sufficient to satisfy the contractual "hit" requirement.

Our Supreme Court in *Drouillard*, 504 Mich at 920, noted the common definitions of the word "hit" as follows:

> See *Merriam-Webster's Collegiate Dictionary* (11th ed) (defining "hit" as "to come in contact with <the ball [hit] the window>"). See also *Merriam-Webster's Dictionary and Thesaurus* (2007) (defining "hit" as "to make or bring into contact: collide").

It is undisputed in this case that the RV itself never hit or made direct contact with plaintiff's vehicle. In addition, the parties did not dispute that the sulky was not itself a land motor vehicle or a trailer. Instead, plaintiff contends that the impact of the propelled object, the sulky, constituted a "hit" under the policy.

Using language more akin to that at issue in this case, in *Berry v State Farm Mut Auto Ins Co*, 219 Mich App 340, 342; 556 NW2d 207 (1996), the policy at issue defined "uninsured motor vehicle," in relevant part, as "a 'hit-and-run' land motor vehicle whose owner or driver remains

unknown and which *strikes* . . . the insured . . . ." (Emphasis added.) The *Berry* Court concluded that "the policy's requirement that a hit-and-run vehicle must strike the insured's vehicle constitutes a requirement of physical contact between the hit-and-run vehicle and the insured's vehicle." *Id*. at 346. However, this Court pointed out that the physical contact requirement "broadly" includes "indirect physical contact, such as where a rock is thrown or an object is cast off by the hit-and-run vehicle, as long as a substantial physical nexus between the disappearing vehicle and the object cast off or struck is established by the proofs." *Id*. at 347. Accordingly, in *Berry*, given the evidence of a truck carrying a load of scrap metal "at a time and location that was temporarily and spatially proximate to plaintiff's striking a piece of metal in the road," this Court held that there was a "substantial physical nexus" between the hit-and-run vehicle and the metal object struck by the plaintiff. *Id*. at 350. See also *Hill v Citizens Ins Co of America*, 157 Mich App 383, 394; 403 NW2d 147 (1987) (holding that a rock propelled through the windshield of the insured's vehicle as it was passing a camper met the "physical contact" requirement in the insurance policy).

It does not appear that the "substantial physical nexus" test has been abandoned. For instance, in *Drouillard*, 323 Mich App at 220-221, we noted that the defendant insurance company wanted this Court "to assume for purposes of its appeal that a substantial nexus existed between the pickup truck, the building materials, and the ambulance's impact with the materials." And in *McJimpson v Auto Club Group Ins Co*, 315 Mich App 353; 889 NW2d 724 (2016), we explained that while in that case the terms of the uninsured policy expressly required "*direct* physical contact" with the unidentified vehicle, *id*. at 355, a policy including the unmodified term "physical contact" would implicate the "substantial physical nexus" test. *Id*. at 360.

Here, considering the language of the insurance policy and Michigan caselaw, there is at least a genuine issue of material fact whether the RV "hit" plaintiff's vehicle. Assuming that plaintiff is correct in that the sulky fell off of the RV, a finder of fact could conclude that there was a "substantial physical nexus" between the hit-and-run vehicle and the sulky, which plaintiff then hit with his insured vehicle. See *id*. at 359; *Berry*, 219 Mich App at 347. Therefore, the trial court's grant of defendant's motion for partial summary disposition was improper. See *Allison*, 481 Mich at 425.

Reversed and remanded. We do not retain jurisdiction.

/s/ Mark J. Cavanagh
/s/ Stephen L. Borrello
/s/ Jonathan Tukel